PROVOSTY, J.
Willis Burnett was arrested by the defendant sheriff upon a warrant issued by the Governor upon a requisition by the Governor of Texas. He sued out a writ of habeas corpus before the respondent judge, on the following grounds:
(1) That the warrant upon which he has been arrested is insufficient, in that, instead of reciting that it has issued upon the production of the copy of an indictment or affidavit, as is required by the act of Congress, it merely recites that it has issued “upon the production of the requisite evidence to justify the same, and which is on file in the office of the Secretary of State.”
(2) That sections 1038, 1039, 1040, and 1041 of the Revised Statutes of this state provide the exclusive mode of proceeding for making arrests in cases of extradition, and that therefore the Governor was without authority to issue said warrant, and the same is in consequence null.
(3) That the prisoner is a minor, and therefore entitled to the benefit of the laws of this state for the trial of delinquent children, and that if delivered over to the authorities of the state of Texas, he would be tried as an adult.
[1] The act of Congress in question, which is section 5278, U. S. Rev. Stat. (U. S. Comp. St. § 10126), is reproduced in ’our Revised Statute of 1870 between sections 1037 and 1038. Said act provides that a copy of an indictment or of an affidavit charging with crime the person sought to be extradited shall be produced before the Governor in order that he may be authorized to cause the arrest to be made, but it does not provide that the Governor shall recite in his warrant the fact of such production having been made. And we are referred to no law requiring such a recital.
Perhaps if, instead of stating as a legal conclusion that the evidence produced was such as is required by the law, and that it was on file in the office of the Secretary of State, the warrant in this case had tracked the statute and recited that an indictment or affidavit had been produced, the situation would have appeared more satisfactory to the legal mind; but the warrant, such as it is, gives sufficient information, we think, to the sheriff and the prisoner, by the recitals it contains, of the cause of its issuance, namely, that it is issued on the requisition of the Governor of Texas, on the production of the requisite evidence to justify the same, which is on file in the office of the Secretary of State, and shows that the prisoner stands charged with the crime of burglary in the county of Tarrant, state of Texas.
[2] Should the prisoner doubt the sufficiency of the said evidence for justifying the issuance of the warrant, the doors of the courts are open to him. In re Waterman, 29 Nev. 288, 89 Pac. 291, 11 L. R. A. (N. S.) 424, 13 Ann. Oas. 926, note.
[3] The second ground can hardly have been urged seriously. The idea that the guilt or innocence of the prisoner is to be inquired into here is in the teeth of the said act of Congress which provides that it shall be the duty of the Governor to cause the fugitive from justice to be arrested and delivered to the authorities of the requisitioning state on the production of a copy of an indictment and affidavit. The Governor would be entirely without standing for requiring that there should be proceedings in some local court in addition to the production of a copy of an indictment or affidavit. The Governor derives his authority in the premises from the said act of Congress. *855 Moreover, the said sections 1040 and 1041 authorize the Governor to proceed without the necessity of having recourse to a local court; and the said sections 1038 and 1039 evidently come into play only in the absence of a requisition from the Governor of the state where the crime was committed.
[4] The third ground is equally untenable. The prisoner has violated no law of this state, has done nothing in this state of which the courts of this state, juvenile or other, could take cognizance, except for the purpose of delivering him up to the state of Texas; hence, if the juvenile or delinquent children laws of this state were an obstacle to his being surrendered, the consequence would be that he could not be tried at all, but would have to be liberated at once; and the further consequence would be that this state would become an asylum for minors committing crimes in other states. That minors who may have committed crimes in other states cannot avoid trial under the laws of those states by coming here and invoking the benefit of our delinquent children laws is too plain a proposition for argument.
It is therefore ordered, adjudged, and decreed that the judgment of the respondent judge ordering the discharge of the prisoner, Willis E. Burnett, be set aside and annulled, and that the said application for habeas corpus be dismissed at the cost of the said Willis E. Burnett.