13 N.J. Super. 306 (1951)
80 A.2d 371
IN THE MATTER OF THE APPLICATION OF ANTHONY TRIGNANI FOR ISSUANCE OF WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided April 17, 1951.
*308 Mr. Benjamin Forer, attorney for petitioner, in forma pauperis.
Mr. Theodore D. Parsons, Attorney-General of the State of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing as Special Deputy Attorney-General), for the Commonwealth of Pennsylvania.
HUGHES, J.C.C.
On the basis of a verified petition alleging that he was unlawfully detained in the Mercer County Jail, and under the authority of R.S. 2:82-1, et seq., the writ of habeas corpus was granted to the petitioner, Anthony Trignani, to question the legality of his return to Pennsylvania, under requisition of the Governor of that Commonwealth and the extradition warrant of the Governor of New Jersey, for parole violation determined by the Pennsylvania Board of Parole. Counsel having been appointed for this petitioner as an indigent party, full hearing was had on the return of the writ and the following issues appeared from the facts then developed:
On or about February 1, 1944, the petitioner, in Pennsylvania, having been convicted of crime, was sentenced to serve not less than three nor more than six years in the Eastern State Penitentiary. Some days later, he entered upon service of this sentence. On or about August 10, 1945, he was granted parole and released thereon, the maximum period of his parole running to February 12, 1950 and being equivalent to the maximum term of such sentence. On January 17, 1949, in Cumberland County, New Jersey, this defendant, on conviction of the crime of kidnapping (R.S. 2:143-1, which prescribes a minimum term of 30 years), was sentenced to serve not less than 30 nor more than 30 years in the New Jersey State Prison. After commencement of the service *309 of such term, for reasons which are not apparent and which were not developed in the evidence on the instant hearing, he was returned to Cumberland County and remained for a considerable time in the county jail there, and early in 1950, appeared in court and entered a plea of nolo contendere to one of several indictments which had been returned against him at the time of the indictment for kidnapping, the said sentence on the latter indictment apparently having been vacated by the court; the plea mentioned was entered to an indictment for larceny, and on the recommendation of the prosecutor of the pleas the court apparently granted motions for orders of nolle prosequi as to the companion indictments, including the kidnaping indictment mentioned.
On the plea to the larceny indictment, sentence was imposed on April 19, 1950, petitioner being ordered to serve not less than three nor more than three years in the New Jersey State Prison. He served this term and upon his release was detained on a "warrant to commit and retain" issued over the signature of the District Supervisor of the Pennsylvania Board of Parole, for return to Pennsylvania for an asserted breach of said parole. An "order for the arrest of paroled prisoner," marked in evidence here as Exhibit S-1, over the signature of the Chairman of the Pennsylvania Board of Parole, bearing date of April 16, 1948, recites that this petitioner, having been paroled conditionally from the Eastern State Penitentiary, had violated the conditions of his parole and further ordered his arrest for the custody of the Pennsylvania parole authorities. At or near the date of expiration of his maximum term at the New Jersey State Prison and his continued detention in the Mercer County Jail under the warrant above mentioned, formal rendition demand upon, and formal extradition warrant of, the Governor of this State were issued and were before the court in support of the detention warrant mentioned.
The petitioner offered proof that the maximum period of his parole in Pennsylvania expired on February 12, 1950, at a time before he was finally sentenced in the Cumberland *310 County Court on the larceny charge, which, in view of the vacating of the earlier sentence imposed by that court on the kidnaping charge, seems to have been the only sentence imposed upon the petitioner in New Jersey. The petitioner, therefore, challenges the recital contained in the requisition affidavit on which the rendition demand made by the Governor of the Commonwealth of Pennsylvania was predicated. Such recital of delinquency and parole violation sets out as a cause therefor the kidnaping sentence imposed January 17, 1949 in the New Jersey court, although it is apparent that prior to the imposition of that sentence the parole board in Pennsylvania had declared the petitioner delinquent as having violated the conditions of his parole, although the reasons for such determination of delinquency are not shown in Exhibit S-1.
The petitioner thus contends that since the requisition request of the Commonwealth of Pennsylvania would seem to be predicated upon a conviction of crime during the parole period, which was later vacated and set aside in the New Jersey court, that such delinquency is unsupported from a factual standpoint on the face of the requisition papers and, therefore, that petitioner is entitled to immediate discharge.
It is true that the court of the asylum state on writ of habeas corpus may inquire into the substantive law of the demanding state, bearing solely, however, on the question as to whether the requisition papers set forth the basic requirements for interstate rendition, as known to the common law under the designation of comity, as regulated under the provision of the United States Constitution,[*] and as referred to in our statutes under the name of extradition. R.S. 2:185-6, et seq. A paroled convict leaving the state even by consent of the paroling authority becomes, on revocation of *311 such parole, a fugitive from the justice of that state within the meaning of the constitutional provision cited, and the extradition statutes executing it. 18 U.S.C.A. 3182; Ex Parte McBride, 101 Cal. App. 251, 281 Pac. 651 (Dist. Ct. App., Cal. 1929); Brewer v. Goff, 138 F.2d 710 (C.C.A. 10, 1943). The limitations of such inquiry necessarily are firmly bound by whether the extradition request is supported by a colorable factual allegation of crime or parole violation in the demanding state and the identity of the accused. There is no question here as to the identity of this accused, and there is further no question that the Pennsylvania Parole Board, rightly or wrongly, officially and by virtue of the Pennsylvania statutes and its authority thereunder, declared the petitioner to be delinquent on parole at a time antedating the expiration of the maximum period of such parole. The validity of this declaration of delinquency and the reason specified as its cause, whether substantial or accurate, may not be inquired into in a court of the asylum state on writ of habeas corpus. This principle has been settled in our State in the case of In re Colier, 140 N.J. Eq. 469 (E. & A. 1947). It was determined by our former Court of Errors and Appeals that the asylum state has no right to consider the merits of the trial, but only the question of the obligation to surrender the prisoner to the demanding state. The question of his guilt or innocence, or whether his constitutional rights at trial (or as to breach of parole and declaration of delinquency based thereon, as in this case) have been violated, cannot be determined in the courts of the asylum state. These issues are determinable in the courts of the state in which the trial was had, or the parole delinquency adjudicated, and if the petitioner has been, or is, denied there what he conceives to be his constitutional rights, he must apply to the United States Supreme Court for the protection of such rights. Huff v. Ayers, 6 N.J. Super. 380 (App. Div. 1950). It would seem to be inconceivable that a court in the asylum state could inquire into the validity and the merits of the proceedings in the parole board in the demanding state and *312 thereby decide upon the propriety of its action. For instance, if the parole board in Pennsylvania had determined that this petitioner had violated his parole conditions by adopting a new residence, or by doing some other act forbidden him by those parole conditions, it would, of course, not be possible for him to litigate the merits of the adjudication of such violation, and consequent declaration of delinquency, on a writ of habeas corpus in this court. In the same sense, it is impossible for this court in this proceeding to inquire into the validity of the action of the Pennsylvania Board of Parole in declaring this defendant delinquent on parole, or in determining as to how much significance there was, in the view of the members of that board, to the conviction and sentence of petitioner in the Cumberland County Court in 1949, despite the later nullification of such sentence.
For these reasons the requisition papers are substantially and, I think, completely conformable to the necessary basic requirements for interstate rendition, and the writ of habeas corpus granted petitioner is hereby discharged and he is remanded to the Mercer County Jail in custody of the warden. An appropriate order for his removal to Pennsylvania in custody of a transfer agent will be made upon presentation.
NOTES
[*] U.S. Const., Art IV, sec. 2. "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."