M. A. Marsal, Mobile, for appellant.

81 So.2d 913

### Clyde CAZALAS

v.

### Ray D. BRIDGES, Sheriff.

I Div. 702.

Court of Appeals of Alabama.
June 30, 1955.

Rehearing Denied Aug. 9, 1955.

John Patterson, Atty. Gen., for appellee.

HARWOOD, Presiding Judge.

This is an appeal from an order and decree of the Circuit Court of Mobile County denying appellant's petition for a writ of habeas corpus, appellant being held in custody under a governor's rendition warrant issued by the Governor of Alabama in an extradition proceedings requested by the Governor of Mississippi.

The appeal to this court was on the record proper. No briefs were filed. Our examination led us to the conclusion that the record was in every way proper and regular, and an order of affirmance was entered.

The appellant thereafter duly filed an application for a rehearing, supported by briefs, in which it is argued that two alleged errors should cause a reversal of this cause.

In this brief in support of the application for rehearing counsel present and argue two points: (1) That the documents presented by the demanding state fail to show that the accused was present in the demanding state at the time of the commission of the alleged crime, and (2) that the copy of the

indictment was not authenticated by the executive authority of the demanding state.

Counsel cite in support of their propositions the case of Kelley v. State, 30 Ala.App. 21, 200 So. 115, and Sec. 52, Tit. 15, Code of Alabama 1940. In the Kelley case, supra, there was a total lack of any authentication by the Governor of the demanding state of any information supported by affidavit, or of any indictment, apparently for the reason that no such documents were made a part of the extradition demand.

In the present case the facts are entirely different. In the proceedings below the respondent introduced into evidence the rendition warrant issued by the Governor of Alabama, together with the application for requisition by the Governor of Mississippi. The request for requisition was accompanied by a copy of an indictment by the grand jurors of George County, Mississippi, charging this appellant, and two others, with robbery with a deadly weapon in said county. The indictment is certified under his hand and seal to be true and correct by the circuit clerk of George County, Mississippi.

In the request for requisition made by the Governor of Mississippi it is stated:

"Whereas, it appears by the annexed copy of indictments and warrant *which is hereby certified to be authentic,* that Clyde Cazalas stands charged with the crime of robbery with a deadly weapon (2 indictments) committed in this State, and it has been represented to me that Clyde Cazalas has fled from the justice of this State and has taken refuge in the State of Alabama."

There is also in the papers accompanying the application for requisition made to the Governor of Mississippi by the district attorney of George County, Mississippi, a certified statement to the effect that Clyde Cazalas stands charged by the accompanying certified indictments with the crime of robbery with a deadly weapon committed in George County, Mississippi; and that after the commission of said crime Cazalas fled from the State of Mississippi.

It is therefore obvious that the facts of this case render inapplicable the doctrines of the Kelley case, supra.

We are clear to the conclusion that all requirements of our extradition statutes have been complied with, and that the lower court's order was proper in the premises.

Affirmed.

Rehearing overruled.

John Patterson, Atty. Gen., for appellee.