EX PARTE MARION GUINN

No. 27,989. December 14, 1955

*Reynold M. Gardner,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of Potter County remanding appellant to the custody of the sheriff for delivery to the agent of the state of Oklahoma.

The warrant of the Governor of Texas was introduced in evidence and makes out a prima facie case authorizing his return.

Appellant, in asking for a reversal of this judgment, relies upon proof that he was incarcerated in the county jail of Beckham County, Oklahoma, under a complaint charging him with burglary at the time he was surrendered to the sheriff of Potter County, Texas, for transmittal to Texas to there answer a criminal charge and that such burglary charge in Oklahoma was not dismissed. His position is that since he was brought to Texas involuntarily he could not be a fugitive from justice in Oklahoma. He further contends that since the officials of Beckham County, Oklahoma, voluntarily surrendered the possession of appellant's person to the Texas officers before they had prosecuted him under the complaint there pending they should be estopped to ask for the appellant's return.

We have concluded that appellant's first contention is answered by paragraph two of Section 5 of the Uniform Criminal Extradition Act, which reads as follows:

"The Governor of this State may also surrender on demand of the Executive Authority of any other state any person in this State who is charged in the manner provided in Section 23 of this Act with having violated the laws of the state whose Executive Authority is making the demand, even though such person left the demanding state involuntarily."

In the absence of a showing that the laws of Oklahoma are different from those of this state, it will be assumed that they

are the same. Section 25B of the uniform act provides that nothing in the act shall be construed as a waiver of the right, power or privilege of a state to regain custody of a demanded person for the purpose of trial. This section of the act disposes of appellant's second contention.

The judgment of the trial court is affirmed.