**Ex parte Darrell Dwain PFOUTS.**

No. 37472.

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding by Honorable Max. M. Rogers, Judge of the 12th Judicial District Court of Walker County, remanding appellant to custody for extradition to the State of Ohio.

The executive warrant issued by Governor John Connally, of Texas, directing the arrest of appellant and his delivery to the agents of the State of Ohio for return to that state, was introduced in evidence. Also introduced in evidence by the state was the requisition of the governor of Ohio and certain authenticated papers annexed thereto.

The requisition and accompanying papers show that on October 15, 1953, appellant was convicted in the Court of Common Pleas, of Wayne County, Ohio, of the offense of cutting and stabbing with intent to kill or wound, and was sentenced to serve an indeterminate term of one to twenty years in the Ohio state penitentiary. Following his incarceration, appellant was granted several paroles by the Ohio Pardon and Parole Commission, the last being a conditional parole granted on October 22, 1962. On March 15, 1963, appellant was declared a parole violator and, after issuance of a state warrant for his arrest on September 9, 1963, request was made to the governor of Ohio on July 10, 1964, by the chairman of the Ohio Pardon and Parole Commission for the issuance of a requisition to the governor of Texas for appellant's extradition. It is further shown that on May 17, 1963, appellant was convicted of the offense of burglary in a district court of Dallas County and sentenced to serve two years in the penitentiary of this state. He was received in the penitentiary on July 30, 1963, and was discharged on July 27, 1964.

At the hearing, appellant, testifying in his own behalf, insisted that he was not a fugitive from justice because he had permission from his parole officer to seek employment in Dallas, Texas.

We find no merit in his contention, as the record shows that he was subject to extradition to the State of Ohio as a parole violator, under the provisions of Section 3, Art. 1008a, Vernon's Ann.C.C.P., the Uniform Criminal Extradition Act. Ex parte Siemon, 167 Tex.Cr.R. 313, 319 S.W.2d 716.

The judgment of the trial court remanding appellant to custody is affirmed.

Opinion approved by the Court.