## Ex parte Sidney SMITH.

### No. 40042.

Court of Criminal Appeals of Texas.

Jan. 25, 1967.

No attorney on appeal for appellant.

Barton Boling, Dist. Atty., Jack N. Ferguson, Asst. Dist. Atty., El Paso, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of New Mexico.

At the hearing, the state introduced in evidence the executive warrant issued by the Honorable Preston Smith, Acting Governor of this State, which recites that it has been made known to him by the Governor of the State of New Mexico that appellant stands convicted by "JUDGMENT OF CONVICTION, SENTENCE, ORDER REVOKING PROBATION AND SUPPORTING DOCUMENTS before the proper authorities, with ABSCONDING FROM PAROLE IN NEW MEXICO WHILE SERVING A TERM 2–5 YEARS FOR THE CRIME OF OBTAINING MONEY WITH INTENT TO CHEAT AND DEFRAUD," and that he has taken refuge in this State.

The executive warrant, being regular on its face, made out a prima facie case authorizing appellant's return to the demanding state as a parole violator. Art. 51.13, Sec. 3, Vernon's Ann.C.C.P. of 1965; Ex parte Guinn, 162 Tex.Cr.R. 293, 284

S.W.2d 721; Ex parte Harris, Tex.Cr.App., 375 S.W.2d 453; Ex parte Pfouts, Tex.Cr. App., 383 S.W.2d 598.

 The fact that appellant was brought into this state involuntarily, as a federal prisoner, to be confined in a correctional institution does not prevent his return to the demanding state of New Mexico. Art. 51.13, Sec. 5, C.C.P. of 1965; Ex parte Guinn, supra.

The question of whether appellant's parole should have been revoked is not to be determined in this proceeding.

The judgment remanding appellant to custody is affirmed.