199 So.2d 675

**Ray MORRIS**

**v.**

**STATE.**

**1 Div. 188.**

Court of Appeals of Alabama.

April 4, 1967.

Rehearing Denied May 2, 1967.

---

1. The indictment follows Form No. 64, Code 1940, T. 15, § 259, second degree forgery.

Harry Seale, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus.

Ray D. Morris seeks his release from custody of the Sheriff of Mobile County on authority of a rendition warrant issued by the Governor of Alabama on request of the Governor of South Carolina.

■ In brief appellant argues two points for reversal. The first is: That the purported requisition of the Governor of South Carolina, serving as the basis of the rendition warrant, was nothing more than an order signed by the Governor of the demanding state appointing agents to receive petitioner from the Alabama authorities and convey him to the State of South Carolina,

citing and relying on State v. Freeman, 42 Ala.App. 240, 160 So.2d 12 as authority for this contention.

The warrant of the Governor of South Carolina reads in pertinent part:

"It appears from the attached documents, which are hereby certified to be authentic, that Ray D. Morris stands convicted of or stands charged with the crime of Indecent Exposure, committed in Richland County, State of South Carolina, on or about the 28th day of September, 1959, and it has been represented to me that such Fugitive was present in this State at the time of the commission of such crime.

"It has been represented to me further that such Fugitive has broken the terms of his Probationary Sentence and has fled from the Justice of this State and taken refuge in the State of Alabama.

"Therefore, pursuant to the Constitution and Laws of the United States in such cases, I request that you cause Ray D. Morris to be apprehended and delivered to C. S. Franklin and/or J. P. Pratt, II and/or C. B. McGill, who is hereby authorized to receive him and convey him to the State of South Carolina, there to be dealt with according to law."

This requisition was a sufficient compliance with the provisions of the statute. Cazales v. Bridges, 38 Ala.App. 232, 81 So.2d 913. The doctrine of the Freeman case is not applicable here.

■■ The second contention argued is that no order revoking the petitioner's parole appears among the papers authenticated by the governor's requisition.

"There is only a copy of a warrant by the Director or the Administrator of Interstate Compact for the State of South Carolina requesting the arrest and detention of Ray D. Morris."

The documents introduced in evidence show that defendant was convicted in 1960 in the State of South Carolina of the of-

fense of Indecent Exposure and sentenced to prison for a term of three years. After serving three months he was released on probation for a period of five years and "granted permission to return to his home in Alabama without posting bond."

On September 14, 1964, J. C. Todd, Director, Administrator Interstate Compact, "by virtue of the power vested in me as a duly constituted officer of the South Carolina Probation, Parole and Pardon Board, under Section 55–595 of the 1962 Code of Laws of South Carolina," issued a warrant for the arrest of petitioner, in which it was stated that petitioner had violated the conditions of his parole, in that he, "1. Pled guilty to six cases of Indecent Exposure before Judge Hocklander in Mobile, Alabama on or about July 29, 1963, for which he received a sentence of probation for 3 months in each of six cases to run consecutively. 2. By having the above probation sentences revoked on or about August 12, 1964, charging subject with making obscene telephone calls for which he received a sentence of 2 years in the Mobile County Jail."

An alleged probation or parole violator is a fugitive from justice from the state granting him parole, even if he leaves the state by consent of the paroling authority. Ex parte Trignani, 13 N.J.Super. 306, 80 A.2d 371; Ex parte Summers (1952), 40 Wash.2d 419, 243 P.2d 494. In *Summers* the Supreme Court of Washington said:

> "The state in which he is found cannot inquire into the propriety of the decision by the demanding state that he is a parole violator. That question, like the question of the guilt or innocence of an accused, is one for the decision in the demanding state."

See also Boothe v. State, 43 Ala.App. 119, 180 So.2d 450, and cases cited.

In Ex parte Siemon, 167 Tex.Cr. 313, 319 S.W.2d 716, an extradition case, petitioner was convicted in the State of West Virginia for embezzlement. He was re-leased on parole. Thereafter the West Virginia Board of Probation and Parole petitioned the governor for requisition because he had been convicted of a felony in the federal court in Louisiana. The governor issued his requisition which stated that relator stood charged with the crime of "Embezzlement and who has violated the Terms of His Parole." The extradition warrant was issued for the same reason.

The court said:

> "(1) There is nothing in this record showing that relator's parole has been revoked, in fact, under the laws of the State of West Virginia. Such being true, the presumption attains that the laws of that state are the same as in this state. Ex parte Guinn, 162 Tex.Cr.R. 293, 284 S.W.2d 721.

> "(2) All this record shows is that relator has been guilty of acts which would authorize revocation of his parole. Is extradition authorized under such state of facts?

"Sec. 3 of Art. 1008a, Vernon's C.C.P., appears to furnish the answer. Therein it is provided that extradition is authorized when, together with a copy of the indictment or a copy of the judgment of conviction, the demand for extradition is accompanied by a statement of the executive authority of the demanding state that the person sought to be extradited 'has broken the terms of his * * * probation or parole.'

"It is apparent, therefore, that under our statute the right exists to extradite for the purpose of revoking parole."

Title 15, Section 52, Code of Alabama 1940, provides that the documents presented by the Governor of the demanding state must show, among other things, that the person sought to be extradited "has broken his parole."

We find no merit in petitioner's insistence that the extradition papers must include an order of a court revoking petitioner's probation.

The case at bar is distinguishable from the case of Steadman v. State, 36 Ala.App. 253, 54 So.2d 633. In the *Steadman* case a charge of parole violation was not presented.

The judgment below is affirmed.

Affirmed.