PER CURIAM.
Appellant, John David Knight, was in the custody of the Sheriff of Jefferson County, Alabama, by virtue of an arrest under a Governor’s rendition warrant issued by the Governor of Alabama at the written request of the Governor of the State of North Carolina.
Appellant filed a petition for a writ of habeas corpus in the Circuit Court of Jefferson County against A. Melvin Bailey, Sheriff of Jefferson County. A writ of habeas corpus was issued. The Sheriff duly made an answer and a return stating that the petitioner is an escapee from the State of North Carolina of an offense authorizing extradition under Section 52, Title 15, Code of Alabama 1940 (Recompiled 1958); and stating that the cause of the appellant’s detention is a warrant issued by the Governor of the State of Alabama directing the arrest of the appellant and his delivery to a duly authorized agent of the State of North Carolina on a charge of breaking and entering and escape from lawful custody. A copy of the Governor’s writ and supporting papers were attached thereto.
The cause was submitted to the trial judge on the petition, answer, return with supporting papers attached thereto, and argument of counsel for the petitioner and *506 respondent. No other evidence was offered. Judgment was rendered by the trial court finding that Article 2, Title 15 of the 1958 Code of Alabama, (Recompiled), had been complied with, and that the Defendant was an escapee from North Carolina, and remanding him to the custody of the Sheriff of Jefferson County. From this judgment the appellant appealed to this Court.
By agreement of the parties, the appellant being represented by counsel, the record on appeal consisted of the petition, answer, return with supporting papers attached thereto, and the decree of the Circuit Court of Jefferson County, Alabama.
This cause was submitted to this Court upon brief of appellee.
In the record before this Court we find a written request for extradition of appellant by the Governor of the State of North Carolina to the Governor of Alabama, accompanied by a copy of an affidavit made before a Magistrate of the State of North Carolina, with a copy of the warrant issued thereon, substantially charging appellant with having committed the offense of breaking and entering, a crime under the laws of the State of North Carolina, and duly and legally authenticated by the executive authority of the State of North Carolina. The affidavit further stated that the appellant was present in the State of North Carolina at the time of the commission of the crime he is charged with, convicted and sentenced to imprisonment, and imprisoned in the State of North Carolina, and thereafter, and before serving said sentence, escaped from confinement in North Carolina, and is now under arrest in the State of Alabama, and in the custody of the Sheriff, Jefferson County, Birmingham, Alabama, and that the extradition proceedings do not directly, or indirectly, seek to aid in the collection of any debt, demand, claim, or any private purposes whatsoever, and will not be used if the requisition applied for is granted.
The record contains a properly certified copy of the judgment and order of commitment issued by the General Court of Justice, Superior Court Division of the State of North Carolina, adjudging that the defendant be imprisoned for a term of not less than one (1) day not more than two (2) years, in the custody of the Commissioner of Corrections as a committed youthful offender.
All jurisdictional averments required are contained in the record before us, and the rendition warrant complies with the requirements of Article 52, Title 15, 1958 Code of Alabama, (Recompiled). Johnson v. State, 45 Ala.App. 40, 222 So.2d 370; Holcomb, Jr. v. State, 44 Ala.App. 259, 207 So.2d 119; certiorari denied, 281 Ala. 721, 207 So.2d 122.
We hold that under the facts contained in this record the Governor of the State of Alabama was fully authorized to issue the rendition warrant. There is no error in the trial court’s ruling that Article 52, Title 15 of the 1958 Code of Alabama, (Recompiled), was complied with, and in remanding custody of appellant to the Sheriff of Jefferson County, Alabama.
We have examined carefully the entire record before us and find from such examination that there are no errors in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.
CATES, P. J., concurs in the result.