BOWEN, Judge.
The appellant petitioned for a writ of habeas corpus attacking the validity of the governor’s extradition warrant. At a hearing on the petition the appellant attempted to prove that the extradition proceedings were sought by the State of Georgia and others “directly or indirectly, to aid in the collection of a debt, demand or claim” and that therefore his extradition was not authorized under Section 15-9-48, Alabama Code 1975. The trial court refused to allow such evidence to be presented or considered, denied the petition, and ordered the appellant’s extradition to the State of Georgia.
The issue in this case is whether the accused is entitled to introduce evidence that his extradition is sought to aid in the collection of a debt and whether that issue is material or relevant in an extradition proceeding. Stated another way, the issue is whether Alabama Code 1975, Section 15-9 — 48, conflicts with the decisions of the United States Supreme Court. Alabama Code 1975, Section 15-9-48 provides:
“Nothing in this division shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited.”
The trial court stated its reason for refusing to give effect to Section 15-9 — 48 and (or refusing to allow the appellant to show that his extradition was sought for the purpose of collection of a debt).
“THE COURT: Whether that is proper or not under the Alabama Supreme Court rulings I don’t know. Under the Federal Supreme Court rulings — the Federal rulings, it appears that is not a material issue in extradition.”
* * * 4c * *
“The only thing that we are going into this morning, and let me limit this — correctly or incorrectly—
“The Court is going to determine if the extradition papers are in order on their face ....
“Two, determine if the accused has been charged with a crime in the state demanding extradition.
“Three, determine whether the person charged is the fugitive named in the extradition request.
“A-'d four, determine whether the Petitioner, Mr. Hendrix, is a fugitive.”
In Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court held:
“Whatever the scope of discretion vested in the governor of an asylum state, cf. Kentucky v. Dennison, 65 U.S. (24 How.) 66, 107, 16 L.Ed. 717 (1860), the courts of *55 an asylum state are bound by Art. IV, Section 2, cf. Compton v. Alabama, 214 U.S. 1, 8, 29 S.Ct. 605, 607, 53 L.Ed. 885 (1909), by Section 3182, and, where adopted, by the Uniform Criminal Extradition Act. A governor’s grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Cf. Bassing v. Cady, 208 U.S. 386, 392, 28 S.Ct. 392, 393, 52 L.Ed. 540 (1908). Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.”
99 S.Ct. at 535.
See also Pacileo v. Walker, 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1980); Crumley v. Snead, 620 F.2d 481 (5th Cir. 1980).
Any state statute bearing on the subject of interstate extradition must complement the federal constitutional provision and statute, and any inconsistency therewith is obviously void. State v. Parrish, 242 Ala. 7, 11, 5 So.2d 828 (1941). “(T)he statutes of the several states and the decisions of the state courts upon this subject must be in harmony with federal law governing the matter.” State v. Shelton, 30 Ala.App. 484, 486, 8 So.2d 216 (1942).
Since Alabama Code Section 15-9-48 obviously conflicts with the decision of the United States Supreme Court in Doran, the statute must be held to be void. Under Doran whether the extradition is sought to aid in the collection of a debt is not a material or relevant issue in an extradition proceeding.
The judgment of the Circuit Court denying the petition for writ of habeas corpus is affirmed.
AFFIRMED.
All Judges concur.