TAYLOR, Judge.
The appellant, Christopher L. Burzycki, appeals the denial of his petition for writ of habeas corpus. The record reflects that at the time the appellant was apprehended in Mobile County he had escaped from a correctional facility in Florida. He had been convicted in Florida on 10 counts of burglary and had been sentenced to 2⅝ years on each count, the sentences to run concurrently.
The appellant maintained at the hearing for his petition for writ of habeas corpus that he should not be extradited to the Florida because the requirements of § 15-9-33, Code of Alabama 1975, had not been satisfied. Section 15-9-33 states:
“A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment
or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.”
The appellant contends that he is being extradited because he “escaped,” and because there was no affidavit charging him with escape, he cannot be legally extradited to Florida. The record clearly shows that the appellant was to be extradited because he was a “fugitive from justice convicted of the crime of burglary ... and thereafter escaped from lawful confinement.” The record also shows that the appellant was convicted of 10 counts of burglary in Florida; therefore, it was not necessary to charge the appellant with escape prior to his extradition. Martin v. State, 50 Ala.App. 1, 276 So.2d 149 (1973); Johnson v. State, 45 Ala.App. 40, 222 So.2d 370 (1969). An escapee does not need to be formally charged with escape in order for him to be extradited to the state in which he was under sentence for a conviction. Martin, Johnson. As this court in Johnson, supra, stated:
“ ‘The general rule seems to be well settled that either a convict who escapes, or one who is released from prison on parole and violates the terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is “charged with crime” under the United States Constitution.
[[Image here]]
“ ‘No narrow or strained construction should be placed upon the word “charged,” as used in the constitution in the federal statute. It is broad enough to include all classes of persons duly accused of crime. A person can be said to be “charged” with crime as well after his conviction as before....’ ”
Johnson, 222 So.2d at 372-73.
The record contains the informations filed against the appellant on all 10 counts. *718 All of the documentation required by § 15-9-31, Code of Alabama 1975, is present. There was sufficient evidence for the trial judge to conclude that the appellant had escaped from Florida while serving a sentence for burglary. The trial court correctly denied the appellant’s petition for writ of habeas corpus.
AFFIRMED.
All the Judges concur.