COBB, Judge.
Malcolm Calhoun appeals the trial court’s denial of his petition for a writ of habeas corpus. Specifically, Calhoun appeals from the Dallas County Circuit Court’s order authorizing his extradition to Ohio. The basis for Calhoun’s extradition is Calhoun’s alleged violation of probation following a felony conviction for nonsupport in the State of Ohio.
On August 9,1995, Calhoun was indicted in Ohio for nonsupport of dependents for failing to provide adequate support to his minor child. (Supp.C.R.54.) That offense is a felony in Ohio. After the State of Ohio instituted extradition proceedings, the State of Alabama issued a rendition warrant on January 3, 1996. (Supp.C.R.47.) On January 23, 1996, Calhoun surrendered himself to Ohio authorities. (Supp.C.R.78.) On March 8, 1996, he entered a plea of “no contest,” was convicted of felony nonsupport, and was sentenced to one and one-half years’ imprisonment. His sentence was suspended, and Calhoun was placed on five years’ probation. (Supp.C.R.72.) One of the terms of Calhoun’s probation was that he pay monthly child support in the amount of $173.00. Calhoun was allowed to return to the State of Alabama.
When Calhoun failed to make payments on his court indebtedness of $386.00 or toward his child support arrearage, as additionally required by the probation order, Calhoun’s probation officer issued a delinquency report. (Supplemental C. 71.) The State of Ohio then initiated extradition proceedings against Calhoun to return him to Ohio to answer the charge that he had violated the terms of his probation order. (Supp.C.R.61.) The State of Alabama honored that request on November 12, 1996. (C.R.60.) Calhoun now appeals the Circuit Court of Dallas County’s denial of his petition for writ of habeas corpus.
The hearing held on Calhoun’s petition was not recorded; however, the parties stipulated to the following facts:
*753 “The State of Ohio seeks extradition of the Appellant from the State of Alabama resulting from the violation of his Ohio probation. On March 8, 1996, appellant entered a no-contest plea in the State of Ohio for the felony offense of nonsupport, whereby he was given a five (5) year probationary sentence and [was] ordered to pay $23,579.68 with monthly payments of $173.00 per month. Pursuant to said plea, Appellant, after paying a certain sum, was released to return to the State of Alabama. The State of Ohio now charges that Appellant has violated the terms of his order of probation.
“The Appellant is now a resident of the State of Alabama and operates a dry cleaning business in Selma, Dallas County Alabama. He moved to the State of Alabama in late 1984 following his divorce in 1983 in the State of Ohio. The State of Ohio filed a URESA action in the District Court of Dallas County, Alabama, in 1988, which was not served on the Appellant until October 3, 1996. Appellant was ordered to pay $2,500.00 toward the arrearage and $173.33 per month for current support payments. The Appellant began making payments pursuant to the District Court order and the District Court is reviewing the case monthly. According to the records of the Dallas County Child Support Enforcement Unit, the defendant made one payment on November 18,1996, in the amount of $2,100.00 pursuant to the order of the District Court of Dallas County, Alabama, and the next payment was made March 3, 1996, in the amount of $200.00.
“The Appellant argued in the Circuit Court of Dallas County that his extradition would violate Title 15-9-33 of the Code of Alabama, in that he committed no crime while in the State of Ohio and has not been convicted of a crime in the State of Ohio but rather, pursuant to an agreement with the State of Ohio, entered a plea of “no contest.” The Appellant also argues that his extradition would violate Title 15-9-48 of the Code of Alabama, as the State of Ohio seeks to collect a debt. Further, Appellant argued that Ohio voluntarily waived his return to that State when URESA process was initiated. Appellant contends that the District Court of Dallas County, Alabama, has jurisdiction pursuant to the URESA petition. Finally, Appellant submitted to the court the affidavit of arrearage as contained in the URESA case that shows he was current with a credit balance of $251.57 when he moved to Alabama in December, 1984. (See Exhibit H) [Exhibit H is not attached to this opinion].
“The State argued in the Circuit Court of Dallas County that Title 15-9-33 of the Code of Alabama, Failure to Commit a Crime in the Requesting State, is clearly met by the process issued by Ohio. The State also argued that this is not an attempt to collect a debt, but is to bring a delinquent probationer before the trial court so that the question of violation of his probation can be resolved. Further, the State argued that extradition process is not waived in that the attempts by Ohio to bring the defendant to justice in their State began in September of 1995, and he was convicted in March 1996, and no action was taken in URESA until November or December 1996, well after all criminal process was underway.
“The Circuit Court of Dallas County, Alabama ruled against the petitioner and allowed the extradition process to proceed.”
(Supp.C.R.4.)
I.
First, Calhoun contends that he should not be extradited to Ohio because, he argues, the proceeding is actually an attempt to collect a debt owed to his ex-wife. Therefore, he claims, his extradition would violate § 15-9-48, Ala.Code 1975, which states:
“Nothing in . this division shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited.”
However, § 15-9-48, Ala.Code 1975, has been held to be void.
*754 “In Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court held:
“ ‘Whatever the scope of discretion vested in the governor of an asylum state, c.f. Kentucky v. Dennison, 65 U.S. (24 How.) 66, 107, 16 L.Ed. 717 (1860), the courts of an asylum state are bound by Art. IV, Section 2, cf. Compton v. Alabama, 214 U.S. 1, 8, 29 S.Ct. 605, 607, 53 L.Ed. 885 (1909), by Section 3182, and, where adopted, by the Uniform Criminal Extradition Act. A governor’s grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met.’ ”
Hendrix v. State, 405 So.2d 53, 54-55 (Ala.Cr.App.1981). Thus, this Court held that “[s]ince Alabama Code Section 15-9-48 obviously conflicts with the decision of the United States Supreme Court in Doran, the statute must be held to be void.” Hendrix, 405 So.2d at 55. “Under Doran whether the extradition is sought to aid in the collection of a debt is not a material or relevant issue in an extradition proceeding.” Id.
Moreover, even if § 15-9-48 had not been declared void, Calhoun’s contention would be without merit. The purpose of the extradition proceedings against Calhoun is to bring an allegedly delinquent probationer before the Ohio trial court so that the question whether he violated the terms of his probation can be resolved. Calhoun was convicted of the crime of nonsupport. Calhoun’s extradition to Ohio is necessary to allow the Ohio court to determine whether Calhoun violated the conditions of his probation. This extradition proceeding is not to be characterized as an attempt to collect a debt. See Warner v. State, 52 Ala.App. 361, 292 So.2d 480 (1974) (holding that extradition proceedings allowed against a convicted thief who was under a probation order requiring him to make restitution to the owner of the stolen property do not violate § 15-9-48, Ala.Code 1975); Suarez v. State, 369 So.2d 858 (Ala.Cr.App.1979).
II.
In 1988, the State of Ohio filed a Uniform Reciprocal Enforcement of Support Act (URESA) action in the Dallas County District Court seeking past due support payments from Calhoun.[1] However, for some reason, no action was taken on the URESA complaint until November or December 1996. Calhoun claims that he should not be extradited to Ohio because, he argues, the initiation of the URESA action deprives the Ohio court of jurisdiction. Calhoun cites § 30 — 4— 88(e), Ala.Code 1975, which states that “[p]articipation in any proceeding under this article shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding.” Calhoun asserts that the State of Ohio waived his return to that state when it initiated URESA proceedings and that the Dallas County District Court properly has jurisdiction over this matter.
We disagree. On August 9, 1995, Calhoun was indicted in Ohio for the felony crime of nonsupport. (Supp.C.R.54, 68.) After the State of Ohio instituted extradition proceedings, the State of Alabama issued a rendition warrant on January 3, 1996. (Supp.C.R.47.) On January 23, 1996, Calhoun surrendered himself to the Ohio authorities. Calhoun was convicted for felony nonsupport in the State of Ohio in March 1996. URESA proceedings against him were initiated in 1988. Any URESA-based challenge to the trial court’s jurisdiction to entertain extradition should have been brought upon Calhoun’s. original extradition to Ohio in 1995. Calhoun failed to bring such a challenge. Calhoun waived his rights against extradition when he surrendered himself to the jurisdiction of Ohio in 1995, pleaded “no contest,” was convicted for non-support, and was placed on probation. See Davis v. State, 536 So.2d 110, 116 (Ala.Cr.App.1987), aff'd, Ex parte Davis, 536 So.2d 118 (Ala.1988) (“Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of legal attack by him.”). Calhoun agreed to *755 plead “no contest” and to be placed on probation. Probation violation “falls into an extraditable offense.” Boothe v. State, 43 Ala. App. 119, 180 So.2d 450, 455 (Ala.App.1965). Calhoun’s probation was conditioned upon his payment of a sum certain. The State of Ohio lawfully seeks his extradition for his alleged failure to live up to this condition. Calhoun cannot now seek to use URESA as a defense.
III.
Third, Calhoun claims that he should not be extradited to Ohio because his Ohio conviction was based upon a plea of “no contest.” Thus, he claims he was not “convicted” of a crime in the State of Ohio. We disagree.
“The courts of this state have made clear that one is deemed charged with a crime both before and after he has been convicted.” Mozingo v. State, 562 So.2d 300, 304 (Ala.Cr.App.1990). (emphasis added). The fact that Calhoun entered a plea of “no contest” has no bearing on the issue of the propriety of his extradition.
Section 30-4-86(2), Ala.Code 1975, provides, “The governor of this State ... [m]ay surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state.” (Emphasis added.) Under § 30-4-86, Ala.Code 1975, it is not necessary that the person whose surrender is demanded was in the demanding state at the time of the commission of the crime; nor is it required that he fled from the demanding state. See Harrison v. State, 38 Ala.App., 60, 77 So.2d 384, 386 (Ala.App.1954). “ ‘The general rule seems to be well settled that either a convict who escapes, or one who is released from prison on parole and violates the terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is “charged with crime” under the United States Constitution.’ ” Johnson v. State, 45 Ala.App. 40, 222 So.2d 370 (Ala.App.1969), quoting 165 Wash. 92, 4 P.2d 866, 78 A.L.R., p. 420.
Section 30-4-87, Ala.Code 1975, provides that “[a]ny obligor contemplated by section 30-4-86, who submits to the jurisdiction of the court of such other state and complies with the court’s order of support, shall be relieved of extradition for desertion or nonsupport entered in the courts of this state during the period of such compliance.” Calhoun, however, has not been specifically charged with violating an order of support, but, rather, the terms of a probation order. Thus, § 30-4-87 is not applicable. The process issued by the State of Ohio shows clearly that Calhoun was convicted for the felony of nonsupport and was placed on probation. Consequently, Calhoun was and should be treated as a defendant in a criminal action, not a civil one. “ ‘An alleged probation or parole violator is a fugitive from justice from the state granting him parole, even if he leaves the state by consent of the paroling authority.’ ” Johnson v. State, 222 So.2d at 374, quoting Morris v. State, 43 Ala.App. 660, 199 So.2d 675 (Ala.App.1967). This State will not inquire into the propriety of Ohio’s decision that Calhoun is an alleged probation violator. “ ‘That question, like the question of the guilt or innocence of an accused, is for the decision in the demanding state.’ ” Johnson v. State, 222 So.2d at 374, quoting Ex parte Summers, 40 Wash.2d 419, 243 P.2d 494 (1952); see also Cramer v. State, 480 So.2d 13 (Ala.Cr.App.1985). “We have no desire to make Alabama ‘ “a sanctuary from justice of another state and thus ‘bal-kanize’ the administration of justice among the several states.”’ Mozingo v. State, 562 So.2d 300, 303 (Ala.Cr.App.1990), quoting Michigan v. Doran, 439 U.S. 282, 287, 99 S.Ct. 530, 534, 58 L.Ed.2d 521 (1978).” Harris v. State, 669 So.2d 1033, 1036 (Ala.Cr.App.1995). The trial court’s denial of Calhoun’s petition for a writ of habeas corpus was proper.
Based on the foregoing, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.

. URESA is a compact between states to facilitate the collection of delinquent child support. "Under URESA, any state that furnishes support to a child has the right to seek reimbursement from a parent and to establish the parent's duty to pay child support in the future. [Pursuant to Alabama URESA laws, §§ 30-4-80 et seq., Ala. Code 1975,] [t]he Alabama courts may enforce the duty of parents in this state to pay support for their minor children residing in foreign jurisdictions.” State v. Dempsey, 600 So.2d 1019 (Ala.Civ.App.1992).