Argued March 3; affirmed March 23, 1943

Ex parte Montoya

MONTOYA *v.* NILES et al.

(135 P. (2d) 281)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and HAY, Associate Justices.

*Frank J. Lonergan,* of Portland (John P. Hannon, of Portland, on the brief), for appellant.

*Thomas B. Handley,* Deputy District Attorney, and *Dan Dibble,* Deputy District Attorney, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondents.

BELT, J. This is a habeas corpus proceeding testing the validity of the arrest and imprisonment of petitioner charged with the commission of the crime of embezzlement in the state of California. On requisition of the governor of California, the governor of this state issued an executive warrant of arrest and a warrant of rendition. Petitioner thereupon instituted this proceeding. From an order discharging the writ of habeas corpus and remanding him to the custody of defendants, the petitioner appeals.

Petitioner does not challenge the regularity or form of the extradition papers. There is no question about the sufficiency of the complaint charging him with the commission of the crime, nor as to the identity of the accused.

It is charged in the complaint that petitioner committed the crime in the state of California "on or about the 2nd day of June, 1942". It appears from the uncontradicted evidence that petitioner came to this state from California on May 29, 1942, and has remained here ever since. It is also admitted that petitioner was continuously in California from March, 1942, until the time he left such state as above stated.

The only question involved on this appeal is whether the petitioner is a fugitive from justice. It is his contention that he was not in California at the time of the alleged commission of the crime and is, therefore, not a fugitive from justice.

Respondents contend that accused is subject to rendition to the demanding state since he was within its boundaries at a time when he could have been prosecuted for the crime charged. Respondents assert that the mere fact that the accused was not in California on June 2, 1942, does not preclude extradition and that it is sufficient to show that he was within the state at any time when the crime was not barred by the statute of limitations. Respondents concede a different rule would obtain if time were an essential element of the crime.

Interstate extradition is controlled by Article IV, Section 2, of the Constitution of the United States, and the congressional legislation enacted to enforce such provision. Article IV, § 2, so far as material herein, provides:

"A person charged in any state with treason, felony, or other crime, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

Section 5278, U. S. Revised Statutes, relating to extradition proceedings, reads:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

■■ It is clear from the above Constitutional provision and federal act that extradition is unauthorized unless the accused is a fugitive from justice. A fugitive from justice is a person who commits a crime within a state and withdraws himself from such jurisdiction without waiting to abide the consequences of such act: *Hogan v. O'Neill*, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497; *Roberts v. Reilly*, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; *Re Voorhees*, 32 N. J. L. 141. Obviously, if a person was not in the demanding state at a time when it would have been possible for him to commit the crime

charged, he would not be a fugitive from justice. Actual presence in the state at a time when the crime was committed is essential to jurisdiction in extradition proceedings: *Strassheim v. Daily,* 221 U. S. 280, 31 S. Ct. 558, 55 L. Ed. 735; *Hyatt v. People of State of New York ex rel. Corkran,* 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657; *Ex parte Reggel,* 114 U. S. 642, 5 S. Ct. 1148, 29 L. Ed. 250.

■ The question in the instant case as to whether the accused was a fugitive from justice is one which the governor of the state was obliged to decide. On conflicting evidence, his decision in reference thereto is not subject to review: *Ex parte Germain,* 258 Mass. 289, 155 N. E. 12, 51 A. L. R. 789. It is not the purpose of habeas corpus to determine the guilt or innocence of the accused: *Ex parte Paulson,* 168 Or. 457, 124 P. (2d) 297. The recital in the rendition warrant that the petitioner was accused of having committed a crime in California and is a fugitive from justice is presumed to be true: *People v. O'Brien,* 372 Ill. 640, 25 N. E. (2d) 4. The burden of overcoming such presumption and establishing by conclusive evidence that he is not a fugitive from justice rests upon the accused.

■ We will assume that the petitioner was not in California on June 2, 1942. It does not follow, however, that he was not in such state at a time when it was possible for him to have committed the crime charged. Admittedly, petitioner was in California prior to the time alleged in the complaint.

In charging the crime of embezzlement, it was not necessary, under the law of California, to allege that it was committed on any precise date. Section 955 of the Penal Code of California (1937) provides:

"The precise time at which the offense was committed need not be stated in the indictment or

information, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense.''

See *People v. Sheldon*, 68 Cal. 434, 9 P. 457; *People v. Littlefield*, 5 Cal. 355; *People v. Rice*, 73 Cal. 220, 14 P. 851. The same statutory rule obtains in this state: § 26-708, O. C. L. A. See *State v. Wilson*, 127 Or. 294, 271 P. 742.

The order dismissing the writ is affirmed.