[No. 30171. Department One. July 24, 1947.]

*In the Matter of the Application of* Deo Nerreter *for a Writ of Habeas Corpus.*[1]

[1]Reported in 183 P. (2d) 799.

Lloyd Shorett, L. C. Brodbeck, and Erle W. Horswill, for appellant.

James M. Ballard, for respondent.

MILLARD, J.—This is an appeal from a final order in the superior court for King county, granting the petitioner's application for a writ of habeas corpus and discharging him from custody of the sheriff of King county and the extradition agent of the governor of the state of Michigan.

On September 10, 1946, Mary Zimmerman, former wife of the petitioner, by complaint and oath in writing, before a municipal judge of the city of Flint, in the state of Michigan, charged Deo Nerreter, also known as Deo Weeks, with having neglected and refused to provide necessary and proper shelter, food, care, and clothing for his minor child, who was then fourteen years old, from July 27, 1936, to August 21, 1946, contrary to the statute of Michigan.

On September 11, 1946, a warrant of arrest was issued by a municipal judge for the city of Flint, Michigan, and a criminal complaint and warrant were duly certified under seal of the aforesaid municipal judge. The foregoing papers are attached to and made a part of the application of the prosecuting attorney for Genesee county, Michigan, to the governor of Michigan, for a requisition upon the governor of this state for the arrest and rendition of Deo Nerreter, who is charged with having, on the twenty-seventh day of July, 1936, and between that date and August 21, 1946, committed the crime of nonsupport of his minor child. It is further certified that the accused was present in the state of Michigan July 27, 1936, and is now believed to be in the city of Seattle, state of Washington.

Prior to formal requisition upon the governor of this state that Nerreter be arrested and delivered to the duly authorized and designated agent of the state of Michigan for

return to the latter state, petitioner had been arrested in this state under a fugitive warrant, issued by a justice of the peace in Seattle, and thereafter released on bond. The governor of the state of Michigan requested extradition of Nerreter to the state of Michigan, which request from the governor of the state of Michigan was based on a warrant charging Nerreter with the crime, a felony, of non-support of his minor child.

In his petition to the superior court for King county for a writ of *habeas corpus* to test the legality of his extradition, it is recited that the governor of this state honored the request of the governor of the state of Michigan September 24, 1946, and honored an order that the execution of the warrant be withheld until September 25, 1946, to enable the petitioner to challenge the legality of his extradition on the ground that he is not a fugitive from justice from the state of Michigan. Petitioner alleged that, prior to the time he left the state of Michigan, he had not abandoned his child and had provided for her to the best of his ability. The warrant charges the commission of the crime between July 27, 1936, and August 21, 1946, which petitioner alleges does not establish the fact that by reason thereof he became a fugitive from justice, as he has not been in the state of Michigan since July 27, 1936.

The cause was tried to the court, where evidence was introduced on behalf of petitioner to the effect that he and his former wife separated in 1932, and that his wife instituted a divorce action in September, 1934, but that the action remained dormant until the entry of a decree of divorce July 29, 1936, two days after the petitioner departed from the state of Michigan. The decree of divorce entered July 29, 1936, required Nerreter to make payments of seven dollars fifty cents per week for the support of his minor children; said payments to begin July 29, 1936, and weekly thereafter until his then four children had attained the age of seventeen years. Nerreter made two payments on the court order; one on August 31, 1936, and one on September 12, 1936, which payments were made after respondent became a citizen of this state.

It is the contention of the petitioner that the crime, if any, committed by him, was his failure to comply with the decree of divorce after his departure from the state of Michigan. It is further insisted by petitioner that no extraditable crime is shown to have been committed in the state of Michigan as he was not in the state of Michigan at the time the alleged crime was committed.

The Michigan statute (§ 28.358) which defines as a felony the desertion by any person of his wife or minor children under seventeen years of age without providing necessary and proper shelter, food, care, and clothing for them, is similar to the Michigan statute (§ 28.362) which provides:[o]

"SEC. 165. Where in any decree of divorce, or decree of separate maintenance granted in this state, where personal service is had upon the father of any minor child or children, under the age of seventeen [17] years, the court shall order such father to pay any amount to the clerk or friend of the court for the support of such minor child or children, and said father shall refuse or neglect to pay such amount at the time stated in such order and shall leave the state of Michigan, said father shall be guilty of a felony: *Provided, however,* If at any time before sentence he shall enter into bond to the people of the state of Michigan, in such penal sum and with such surety or sureties as the court may fix, conditioned that he will comply with the terms of such order, then the court may suspend sentence therein: *Provided further,* That upon failure of such person to comply with said undertaking he may be ordered to appear before the court and show cause why sentence should not be imposed, whereupon the court may pass sentence, or for good cause shown may modify the order and take a new undertaking and further suspend sentence as may be just and proper." Mich. Stat. Ann., § 28.362.

Some contention is made by petitioner with reference to the insufficiency of the application for issuance of requisition, etc. Petitioner also cites an opinion dated April 16, 1943, of the attorney general of Michigan that, where father of a minor child below the age of seventeen years is required by divorce decree to make stated payments for child support in case where personal service was obtained on the father in Michigan, if he violated such decree before leaving

Michigan, he may be extradited; if violation occurred after departure from the state, the father was not a fugitive from justice and could not be extradited. At p. 307 of the Opinions of the Attorney General of Michigan for 1926-1928 is a contrary opinion to the effect that a divorced man who has kept up alimony payments and payments for the support of his children for a while after leaving the state and then ceased to make further payments, may be extradited for failure to pay for the support of his children, but not for failure to pay alimony.

■ While we may and should inquire, by *habeas corpus,* and determine whether a complaint, indictment, or information, upon which a warrant of extradition is based, substantially charges the accused with a crime against the laws of the state to which the accused is sought to be returned, we cannot go into the merits of the case in an effort to determine his guilt or innocence nor decide the technical sufficiency of the proceeding. *In re Rudebeck,* 95 Wash. 433, 163 Pac. 930.

■■ An examination of the record discloses the petitioner is charged with the commission of a felony in failing to support a minor child as required by the Michigan statute, which felony was committed by the petitioner from on or about July 27, 1936 (when he was in the state of Michigan), to August 21, 1946. The petitioner is substantially charged with the commission of a crime against the laws of the state to which he is sought to be returned at a time when petitioner was in that state. We are not concerned with the question whether the offense with which the petitioner is charged is known in law as a continuing crime. He is charged in part with having committed the crime at a time when he was in the state of Michigan. Thereafter, he departed from that state.

It is unnecessary to review all the authorities cited. *In re Roberts,* 186 Wash. 13, 22, 56 P. (2d) 703, is controlling. We there held that,

"If a party charged with a crime was in the place where the crime was committed, at the time of its commission, and if thereafter he leaves the state, no matter for what reason or under what belief, and even though his departure was

with the knowledge, or without objection on the part, of the state authorities, he is nevertheless a fugitive from justice, within the meaning of the constitution and laws of the United States."

Petitioner was charged by affidavit before a proper judicial officer with the commission of a crime within the state of Michigan, and, after the date of the commission of such crime, he left the state. It is immaterial what his motive was for departure. From the time of his departure from Michigan and within the meaning of the constitution and laws of the United States, he was a fugitive from justice and, if found in another state, must be delivered by the governor of such state to the state whose laws are alleged to have been violated, on the production of complaint, indictment, information, or affidavit certified as authentic by the governor of the state from which the accused departed.

■ The contention of the petitioner that the affidavits of the complaining witness and that of a friend of the court are not properly certified, is without substantial merit. The further contentions that no extraditable crime is shown to have been committed in the state of Michigan and that respondent was not in the state of Michigan at the time the alleged crime was committed, are also without merit. It is admitted by petitioner that he was in the state of Michigan July 27, 1936, when the felony is charged to have been committed by him. The rendition warrant issued by the governor of this state made a *prima facie* case of fugitivity which was not overthrown by petitioner by clear and conclusive proof in the *habeas corpus* proceeding, hence, so far as the question of fugitivity is concerned, sustains detention; and a mere conflict of evidence is insufficient to warrant discharge of petitioner. *Lee Won Sing v. Cottone*, 123 F. (2d) 169.

■ Whether the alleged criminal is a fugitive from justice may, so far as the constitution and the laws of the United States are concerned, be determined

" . . . by the Executive upon whom the demand is made in such way as he deems satisfactory, and he is not obliged to demand proof apart from proper requisition

papers from the demanding State, that the accused is a fugitive from justice.

"5. If it be determined that the alleged criminal is a fugitive from justice—whether such determination be based upon the requisition and accompanying papers in proper form, or after an original, independent inquiry into the facts —and if a warrant of arrest is issued after such determination, the warrant will be regarded as making a *prima facie* case in favor of the demanding State and as requiring the removal of the alleged criminal to the State in which he stands charged with crime, unless in some appropriate proceeding it is made to appear that he is not a fugitive from the justice of the demanding state." *McNichols v. Pease,* 207 U. S. 100, 52 L. Ed. 121, 28 S. Ct. 58.

The order granting the writ of *habeas corpus* is reversed.

MALLERY, C. J., SIMPSON, STEINERT, and ABEL, JJ., concur.

[1]Reported in 183 P. (2d) 787.