[No. 31569. Department Two. February 15, 1951.]

*In the Matter of the Application of* HENRY CARL WALLACE *for a Writ of Habeas Corpus.*[1]

[1]Reported in 227 P. (2d) 737.

*Dorsey, Ruff & Morton,* for appellant.

*The Attorney General* and *Lawrence K. McDonell, Assistant,* for respondent.

MALLERY, J.—On March 21, 1950, the governor of this state issued a warrant of extradition against the relator, honoring a requisition by the governor of the state of Florida. Relator was taken into custody on the warrant, and, thereafter, made application to the superior court of Pierce county for a writ of *habeas corpus.* He does not contend that he is not the person named in the requisition or that he has committed no offense against the state of Florida, but insists that Florida has forfeited any right it may have had to extradite him for the reason that its penal system subjects prisoners to cruel and inhuman treatment. He further alleges that the sheriff of St. Lucie county, from whence he escaped, had threatened him in particular. A demurrer to the petition was sustained, the petition was dismissed, and the relator appeals.

Interstate rendition is a proceeding resting in Federal law, and the duty of the state in such matter is prescribed in Art. IV., § 2, cl. 2, of the Federal constitution. *In re Roberts,* 186 Wash. 13, 56 P. (2d) 703. The only prerequisites to extradition from one state to another are that the person sought to be extradited is substantially charged with a crime against the laws of the demanding state, and that he is a fugitive from justice. *Brewer v. Goff,* 138 F. (2d) 710; *State of Illinois ex rel. McNichols v. Pease,* 207 U. S. 100, 52 L. Ed. 121, 28 S. Ct. 58. It is not contended that the extra-

dition papers are not in order, but appellant seems to base his position on the ground that the courts of the asylum state can review the penal system of Florida and determine how the governor should exercise his discretion.

The reason for the issuance of the warrant by the governor is not a proper subject of judicial inquiry. *In re Moyer,* 12 Idaho 250, 85 Pac. 897. After the above prerequisites are met, the governor's discretion is absolute. Nor can the courts of the asylum state determine the constitutional validity of phases of penal action by the state of Florida in respect to the fugitive. *Johnson v. Matthews,* 182 F. (2d) 677. Since the regularity of the proceedings leading to the governor's action is not questioned, there is nothing here for this court to review.

The appellant relies upon *Harper v. Wall,* 85 F. Supp. 783, and *Johnson v. Dye,* 175 F. (2d) 250. Without commenting upon whether or not they support his position, it is enough to call attention to the fact that they are Federal court cases. There, the requisitioning state could and sometimes did appear to defend against the challenge to the unconstitutionality of its law. *Ex parte Marshall,* 85 F. Supp. 771; *Harper v. Wall, supra.*

Where a foreign state has an interest which entitles it to be a party to an action, the matter is one of Federal jurisdiction, Art. III, § 2, and a state court cannot take jurisdiction of it. Moreover, our state courts cannot afford relator the remedy sought, since, in any event, we are bound by Art. IV., § 1, of the Federal constitution, which provides, in part, that

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. . . ."

A contrary rule would produce chaos between the states.

We have no jurisdiction to dispose of the issue tendered in relator's petition.

The order dismissing the petition is affirmed.

Schwellenbach, C. J., Robinson, Grady, and Hamley, JJ., concur.