[No. 31806.   Department Two.   June 21, 1951.]

*In the Matter of the Application of* PEDRO VARONA *for a Writ of Habeas Corpus.*[1]

*Maslan, Maslan & Hanan,* for plaintiff.

*Charles O. Carroll* and *Frank Harrington,* for respondent.

MALLERY, J.—The petitioner, Pedro Varona, comes to this court seeking a writ of *habeas corpus.*  He is the subject of an extradition proceeding requested by the governor of California.  The governor of the state of Washington stayed the execution of the rendition warrant to permit the bringing of the instant action.

Petitioner was charged in the police court in and for the city of Stockton in the county of San Joaquin, state of California, as follows:

".   .   .   that the said Pedro Varona did, at and in the County and State aforesaid, on or about the date aforesaid, willfully, unlawfully and feloniously take Six hundred and twenty dollars, ($620.00), in money, lawful money of the United States the personal property of ISABELO V. LA BRE, PASCUAL FIDEL and PEDRO VARONA, doing business as VARONA WHOLESALERS, a partnership."

We said *In re Wallace, ante* p. 67, 227 P. (2d) 737:

"The only prerequisites to extradition from one state to another are that the person sought to be extradited is sub-

[1]Reported in 232 P. (2d) 923.

stantially charged with a crime against the laws of the demanding state, and that he is a fugitive from justice."

The question before us is: Was the petitioner substantially charged with a crime against the laws of California?

It appears to be the settled law of the state of California that a partner cannot be guilty of theft of the funds of the partnership of which he is a member. *People v. Brody*, 29 Cal. App. (2d) 6, 83 P. (2d) 952. See, also, *People v. Hotz*, 85 Cal. App. 450, 259 Pac. 506; *People v. Foss*, 7 Cal. (2d) 669, 62 P. (2d) 372; *Dethlefsen v. Stull*, 86 Cal App. (2d) 499, 195 P. (2d) 56.

The petitioner not being substantially charged with a crime, the application for the writ is granted.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.