[No. 31839.   Department Two.   April 24, 1952.]

*In the Matter of the Application of* JOHN M. SUMMERS *for a Writ of Habeas Corpus.*[1]

*Gagliardi, Ursich & Gagliardi,* for appellant.

*Valen H. Honeywell, Jr., Norbert F. Knecht,* and *Robert Jacques,* for respondent.

OLSON, J.—This is an appeal from an order dismissing relator's petition for a writ of *habeas corpus.*

Upon his conviction of the crime of burglary in Illinois, in 1943, relator was sentenced to the state penitentiary for a term "of from one year to life." In 1945, he was released from custody to enter the armed services, from which he was discharged after serving about three months. In 1947, he was again confined in the Illinois penitentiary for an alleged violation of his parole, and remained there until he was placed on parole in 1949.

He was imprisoned in the United States penitentiary at McNeil Island, Washington, in 1949. When released on

[1] Reported in 243 P. (2d) 494.

parole in 1951, he was taken into custody by the sheriff of Pierce county, Washington, under a warrant of extradition issued by the governor of the state of Washington, honoring a requisition from the governor of Illinois. The latter state desired relator's return because he had violated the terms of his parole in 1949.

At the hearing on his petition, relator offered to prove that his release from custody in 1945 by the Illinois authorities was a final discharge, and that, consequently, his reimprisonment as a parole violator, in 1947, was invalid, and that he is not a fugitive from justice.

The duty of a state in interstate rendition proceedings is prescribed in Art. IV, § 2, cl. 2, of the Federal constitution. The procedure to be followed is set forth in 18 U. S. C. A. 60, § 3182. See *In re Wallace,* 38 Wn. (2d) 67, 227 P. (2d) 737 (1951).

Relator does not contend that the extradition papers are not in order. The governor of this state has issued a warrant of rendition upon them. His discretion in this regard is absolute, and his action is subject to judicial review only to see that the prerequisites to extradition are met. These are that the person sought to be extradited (1) is substantially charged with a crime against the laws of the demanding state, and (2) is a fugitive from justice. *In re Wallace, supra; In re Varona,* 38 Wn. (2d) 833, 232 P. (2d) 923 (1951).

Relator is substantially charged with having violated his parole in Illinois. This is an extraditable offense. See *Brewer v. Goff,* 138 F. (2d) 710 (1943), and cases cited.

An alleged parole violator is a fugitive from justice from the state which claims to have granted him parole. One who has been sentenced and paroled is, during the maximum term of his sentence, amenable to the process of the paroling state to enforce the terms of his parole. By absenting himself from that state, he renders himself unavailable for this purpose. The state in which he is found cannot inquire into the propriety of the decision by the demanding state that he is a parole violator. That question, like the question of the guilt or innocence of an accused, is

one for decision in the demanding state. See *Ex parte Trignani,* 13 N. J. Super. 306, 80 A. (2d) 371 (1951), and *In re Nerreter,* 28 Wn. (2d) 520, 524, 183 P. (2d) 799 (1947).

This disposes of relator's further contention that the court erred in not granting him a continuance to obtain a copy of his 1945 release. The nature of this release cannot be material to any proper inquiry in the asylum state in this case, so his inability to produce it in time for his hearing could not have prejudiced relator.

The extradition proceeding admittedly being in proper form, and there being no issue of fact upon which the courts of this state can sustain this relator's contentions, he is not entitled to a writ of *habeas corpus.*

The order denying the writ is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.