[No. 32904.  Department Two.  March 3, 1955.]

*In the Matter of the Petition of* KENNETH LEONARD
WHEELER *for a Writ of Habeas Corpus.*[1]

*Charles O. Carroll, Frank Harrington,* and *Keith M. Callow,* for appellant.

*C. P. Borberg, H. Sylvester Garvin,* and *Hamlet P. Dodd,* for respondent.

WEAVER, J.—Can the question of guilt or innocence of the accused be considered by the courts of the asylum state in a *habeas corpus* proceeding incident to interstate rendition?

Respondent is charged by complaint filed in Boyd county, Nebraska, with the crime of abandoning his wife and two children on or about August 27, 1952, contrary to the statutes of that state.

The governor of Nebraska requested his extradition from

[1] Reported in 280 P .(2d) 673.

the state of Washington. November 17, 1953, the governor of this state issued a rendition warrant and appellant, the sheriff of King county, took respondent into custody. He seeks his release by writ of *habeas corpus*.

The trial court found that respondent was present within the state of Nebraska on the date the alleged crime was committed. However, he ordered respondent's release for the reason

"That the said Kenneth Leonard Wheeler did not commit the crime of which he was charged in the State of Nebraska and therefore that he is not a fugitive from justice. . . ."

In *In re Summers,* 40 Wn. (2d) 419, 420, 243 P. (2d) 494 (1952), this court said:

"Relator does not contend that the extradition papers are not in order. The governor of this state has issued a warrant of rendition upon them. His discretion in this regard is absolute, and his action is subject to judicial review only to see that the prerequisites to extradition are met. These are that the person sought to be extradited (1) is substantially charged with a crime against the laws of the demanding state, and (2) is a fugitive from justice. *In re Wallace, supra* [38 Wn. (2d) 67, 227 P. (2d) 737]; *In re Varona,* 38 Wn. (2d) 833, 232 P. (2d) 923 (1951)."

Respondent is "substantially charged with a crime." Is he a fugitive from justice?

A person is a fugitive from justice, within the meaning of the constitution and laws of the United States, when it appears (1) that he was charged before a proper judicial officer of the demanding state with the commission of an extraditable crime, (2) that he was present in the demanding state on the date the alleged crime was committed, and (3) that he thereafter left the state. *In re Nerreter,* 28 Wn. (2d) 520, 183 P. (2d) 799 (1947), and cases cited.

Although the record contains persuasive evidence of respondent's innocence, his guilt or innocence is a question for decision in the demanding state. *In re Summers, supra.* This question cannot be considered by the courts of the asylum state.

Respondent's motion to dismiss the appeal, because appellant, sheriff of King county, did not file an appeal bond, is without merit. Appellant was acting in his official capacity, under authority of the statute. Rem. Rev. Stat., § 2242 [*cf.* RCW 10.88.020]. An appeal bond is not necessary. Rule on Appeal 22, 34A Wn. (2d) 25, as amended, effective March 1, 1954. See *Augustine v. Board of Police Pension Fund Com'rs of Aberdeen,* 44 Wn. (2d) 732, 270 P. (2d) 475 (1954).

The court erred when it considered the merits of respondent's defense to the alleged crime committed in Nebraska.

The order perpetuating the writ of *habeas corpus* is reversed.

SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.