[No. 172-2.   Division Two.   January 30, 1970.]

ROBERT EUGENE JOHNSON, *Appellant*, v. CARL L. PETERSON, as *Sheriff of Pierce County, Respondent.*

*Don R. Smith,* for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PER CURIAM.—Appellant, Robert Eugene Johnson, is being held in the Pierce County Jail under a "Governor's Warrant of Arrest and Extradition," commanding the Sheriff of Pierce County to deliver him to the Sheriff (or his agent) of Yavapai County, Arizona, pursuant to a request by the Governor of Arizona.

Appellant unsuccessfully sought a writ of habeas corpus from the Pierce County Superior Court, and now seeks a stay of extradition, so that he may prosecute an appeal to this court from the trial court's denial of his writ.

Appellant concedes in his petition, and the certified papers from Arizona show, that appellant pleaded guilty to four counts of forgery in Yavapai Superior Court on July 26, 1965, and was sentenced on July 30, 1965 to not less than 5, nor more than 8 years in the Arizona State Prison.

The sentence further provides that imprisonment shall begin upon "your completion of serving prior imposed sentences."

Appellant's petition further alleges that subsequent to imposition of the above sentence he was voluntarily released to Nevada authorities on August 2, 1965 to complete a previously imposed sentence in Nevada State Prison.

Appellant's petition further alleges that upon being paroled from the Nevada State Prison on September 9, 1966, he was given into custody of the United States Marshal and brought to the United States Penitentiary at McNeil Island, Washington, for the purpose of serving a 5-year sentence imposed upon him on March 26, 1965 by the United States District Court of Missouri, Eastern District.

Upon his release from the United States Penitentiary on December 19, 1969, appellant was delivered to the Pierce County Sheriff under a fugitive warrant issued by the Justice Court, District No. 1, Pierce County. That warrant was dismissed on January 19, 1970 and on that date to the present time appellant is held under the aforementioned "Governor's Warrant of Arrest and Extradition." Although represented by counsel, appellant made no request for a hearing before the Governor of Washington.

This court granted an ex parte stay of extradition to determine whether appellant should be retained in this state, pending his appeal from the trial court's order denying his writ of habeas corpus.

Appellant, by statements in his petition and on the record certified to the Governor of the State of Washington by the Governor of the State of Arizona, is a "fugitive" from Arizona and subject to extradition under the Constitution of the United States, article 4, section 2, clause 2, and under title 18 U.S.C. § 3182.

Appellant's claim that he is not a "fugitive" because he was delivered by Arizona authorities to Nevada authorities in 1965 without an agreement to return or without an extradition warrant, is without merit.

*In re Roberts*, 186 Wash. 13, 56 P.2d 703 (1936) considered this precise issue and stated at 17:

> To be a fugitive from justice, in the sense and meaning of the constitution and laws of the United States, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding prosecution. If the party charged with the crime was in the place where, and at the time when, the crime was committed, and if thereafter he leaves the state of location, he is a fugitive from justice, within the meaning of the constitution relating to interstate rendition, regardless of his motive or reason for leaving the state.

In *Roberts v. Reilly*, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544, the court laid down the rule, on page 97, in these words:

> "To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the State in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a State committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction and is found within the territory of another."

*See also In re Nerreter*, 28 Wn.2d 520, 183 P.2d 799 (1947) and *McClendon v. Callahan*, 46 Wn.2d 733, 284 P.2d 323 (1955).

Appellant's petition for writ of habeas corpus shows, and the records of Arizona confirm, that appellant pleaded guilty to four felonies while in the state of Arizona, that he is subject to imprisonment in that state, and that he is now in the state of Washington. The extradition warrant of the Governor of Washington is proper and regular and based upon proper documentation.

Any irregularity in the Arizona procedure is reviewable by the courts of that state and we may not decide the technical sufficiency of the proceedings there. *In re Nerreter, supra.*

Consequently, appellant's petition shows on its face that his application for the writ is frivolous as a matter of law and likewise, his appeal to this court is frivolous.

The motion for an order staying return to the state of Arizona is denied and this appeal is dismissed.