[No. 1733-3.    Division Three.    March 1, 1976.]

CHARLES BERNARD VETSCH, *Appellant*, v. SHERIFF OF SPOKANE COUNTY, *Respondent.*

*Joseph Nappi, Jr.*, and *Bantz, Hemovich & Nappi*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Norris Barnhill, Deputy*, for respondent.

McINTURFF, C.J.—Charles Vetsch appeals the denial of

his petition for a writ of habeas corpus to review his extradition to the state of Idaho as a nonfugitive,[1] *i.e.*, a person not within the state of Idaho at the time the crime was committed.

The pertinent facts may be summarized as follows: (1) Joy Weitz was killed near Rathdrum, Idaho, January 14, 1975; (2) a criminal complaint alleging Mr. Vetsch aided and abetted in her murder was sworn to before an Idaho District Court judge on September 8, 1975; (3) based upon the complaint, an arrest warrant for Mr. Vetsch was issued September 8; (4) Mr. Vetsch was arrested that same day in Spokane, Washington; (5) at the time of the murder, Mr. Vetsch was a resident of the State of Washington; (6) on September 15, an application for requisition was made by the prosecuting attorney of Kootenai County, Idaho, to the Governor of the State of Idaho. In that application, which was supported by the complaint and warrant for arrest, it was alleged that Mr. Vetsch aided and abetted in the commission of the murder, which aiding and abetting commenced in Washington but was consummated in Idaho; (7) that on September 18, the Governor of Idaho demanded the extradition of Mr. Vetsch; (8) on September 24, the Governor of the State of Washington issued a warrant of arrest and extradition; (9) on October 3, Mr. Vetsch filed an application for a writ of habeas corpus to review the extradition order; and (10) on October 28, a hearing on the application was held at which time Mr. Vetsch presented evidence to the effect that he wasn't in Idaho on the day of the murder.

Mr. Vetsch's contention that the Governor of the State of Washington was without authority to order his extradition because he was not a fugitive from Idaho is without merit. Article 4, section 2, clause 2 of the United

---

[1] A nonfugitive is: ". . . any person in this state charged in such other state in the manner provided in RCW 10.88.220 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, . . ." RCW 10.88.250.

States Constitution[2] which provides for the interstate rendition of fugitives is not preemptive of the extradition field. The states remain free to expand the use of extradition through their residual powers in the interest of interstate comity.[3] Washington had acted within that residual power by enacting RCW 10.88.250, which provides:

> The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in RCW 10.88.220 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, *and the provisions of this chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.*

(Italics ours.)

■ Mr. Vetsch urges that it was error for the Washington Governor to rely upon federal authority in ordering his extradition. A reading of the Governor's extradition warrant[4] does not show that he relied upon federal authority. However, if the Governor did in fact rely upon federal authority, such reliance is surplusage in the warrant and unnecessary to the proper authority of the Governor to act under RCW 10.88.250. Reliance on federal authority for

---

[2] "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

[3] *See New York v. O'Neill,* 359 U.S. 1, 3 L. Ed. 2d 585, 589, 79 S. Ct. 564 (1959); *In re Cooper,* 53 Cal. 2d 772, 349 P.2d 956, 957, 3 Cal. Rptr. 140 (1960), *cert. denied,* 364 U.S. 294, 5 L. Ed. 2d 83, 81 S. Ct. 104 (1960); *People ex rel. Faulds v. Herberich,* 89 N.Y.S.2d 24, 25 (Sup. Ct. Queens County 1949), *aff'd,* 276 App. Div. 852, 93 N.Y.S.2d 272 (1949), *aff'd,* 301 N.Y. 614, 93 N.E.2d 913 (1950).

[4] "The Governor of the demanding state [Idaho] has, pursuant to the constitution and laws of the United States, demanded of me that I cause the fugitive to be arrested and delivered to Thor Fladwed or one of his deputies, agent authorized to receive him into custody and return him to the demanding state."

extradition of a nonfugitive can be disregarded as harmless error not substantially affecting the rights of the accused.[5]

Mr. Vetsch has raised numerous other arguments against his extradition. In reviewing these arguments, we look to the purpose of extradition as contemplated by federal law and the Uniform Criminal Extradition Act, RCW 10.88.200 *et seq.* Extradition is a proceeding for the speedy rendition of criminals by the asylum state, and is not a proceeding to inquire into the merits of the charge. It was designed as a summary executive procedure between governors, not as a technical judicial function. These statutes are to be interpreted with this purpose in mind and should not be narrowly interpreted as to enable persons charged with a crime to find permanent asylum in another state.[6] In keeping with the summary nature of extradition, the scope of judicial review of a governor's warrant has been historically narrow in Washington.[7] Accordingly, we limit our inquiry to the Governor's observance of statutory procedures in ordering the extradition of Mr. Vetsch.[8]

Judicial review of a nonfugitive extradition is limited to a determination of whether the statutory procedures have been observed. These statutory procedures require findings by the asylum state governor that (1) the accused is substantially charged with the commission of a crime in the demanding state; (2) the person in custody in the asylum state is the person charged with the crime; and

---

[5] *Moser v. Zaborac*, 514 P.2d 12, 14 (Alas. 1973); *Clayton v. Wichael*, 141 N.W.2d 538, 541 (Iowa 1966); *People ex rel. Brenner v. Sain*, 29 Ill. 2d 239, 193 N.E.2d 767, 768 (1963).

[6] *Sweeney v. Woodall*, 344 U.S. 86, 89-90, 97 L. Ed. 114, 73 S. Ct. 139 (1953); *In re Strauss*, 197 U.S. 324, 332-33, 49 L. Ed. 774, 25 S. Ct. 535 (1905); *In re Summers*, 40 Wn.2d 419, 420, 243 P.2d 494 (1952); *In re Foye*, 21 Wash. 250, 256, 57 P. 825 (1899); *In re Maldonado*, 304 N.E.2d 419, 421 (Mass. 1973); *Ault v. Purcell*, 16 Ore. App. 664, 519 P.2d 1285, 1286 (1974).

[7] *See In re Wallace*, 38 Wn.2d 67, 68-69, 227 P.2d 737 (1951); *Thorp v. Metzger*, 77 Wash. 62, 65, 137 P. 330 (1913); *State v. Pritchett*, 12 Wn. App. 673, 675, 530 P.2d 1348 (1975).

[8] *See In re Nerreter*, 28 Wn.2d 520, 524-25, 183 P.2d 799 (1947); *State ex rel. Treseder v. Remann*, 165 Wash. 92, 97-99, 4 P.2d 866, 78 A.L.R. 412 (1931).

(3) the extradition documents are authenticated or certified by the demanding state.[9] These procedures have been observed in the instant case. Although RCW 10.88.220 requires that the person to be extradited must be substantially charged with the commission of a crime by "an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon", the complaint and warrant have met the requirements of an affidavit and warrant for the purpose of extradition.[10] The existence of (2) and (3) are unchallenged.

Mr. Vetsch urges this court to go beyond the standard scope of judicial review and require an independent showing in Washington of probable cause for petitioner's arrest. While this request is supported by *Kirkland v. Preston*, 385 F.2d 670 (D.C. Cir. 1967), that authority is not mandatory. Among the documents supporting the Idaho demand was the warrant of arrest which could only issue upon a finding of probable cause to arrest the petitioner by the Idaho magistrate.[11] This determination is entitled to recognition in Washington.[12] The proper place to test the sufficiency of the arrest warrant is in the state of issuance. To hold otherwise would strip the uniform extradition act of its raison d'etre —a summary procedure between governors to prevent persons charged with a crime from finding permanent asylum in other states.

The remaining issues presented by Mr. Vetsch are outside the purview of a writ of habeas corpus to review

---

[9]RCW 10.88.220; RCW 10.88.250.

[10]*See McClendon v. Callahan*, 46 Wn.2d 733, 740, 284 P.2d 323 (1955); *Ex Parte Clubb*, 447 S.W.2d 185, 187 (Tex. Crim. App. 1969); *Mays v. Shields*, 251 Ore. 168, 444 P.2d 949, 950-51 (1968); *People ex rel. Eiseman v. Sheriff*, 55 Misc. 2d 685, 285 N.Y.S.2d 950, 953 (1967), aff'd, 291 N.Y.S.2d 780 (1968).

[11]U.S. Const. amend. 4; U.S. Const. amend. 14, § 1.

[12]*Bailey v. Cox*, 296 N.E.2d 422, 425 (Ind. 1973); *see In re Wallace*, 38 Wn.2d 67, 69, 227 P.2d 737 (1951).

extradition, or are without merit, and will not be considered.[18]

The order of denial by the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied April 1, 1976.