[No. 3966–8–III.   Division Three.   March 2, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CLIFFORD
LYNN HERSHEY, *Appellant.*

---

*Gregory L. Lutcher* and *Lutcher & Llewellyn,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Carl L. Johnson, Deputy,* for respondent.

MUNSON, J.—Clifford Hershey appeals the refusal by the Walla Walla County Superior Court to issue a writ of habeas corpus to quash an order of extradition. We reverse and order the writ issued.

The State of Oregon seeks to extradite Hershey for probation violations stemming from his conviction in Oregon on charges of criminal nonsupport. Extradition is controlled by RCW 10.88, the Uniform Criminal Extradition Act. The act differentiates between extradition of fugitives who committed a crime in the demanding state and fled to the asylum state, RCW 10.88.220,[1] and those who committed acts in other states which resulted in a crime in the demanding state, RCW 10.88.250.[2]

---

[1] RCW 10.88.220 states in part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under RCW 10.88.250, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by . . . a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person . . . has broken the terms of his bail, probation or parole."

[2] RCW 10.88.250:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in RCW 10.88.220 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that

Hershey is charged in Oregon with the failure to abide by the terms of his probation, including failure to pay past-due child support and to remain gainfully employed.[3] He was arrested in Walla Walla on a local burglary charge and was subsequently accorded deferred prosecution. Thereafter, the State of Oregon sent a governor's requisition to the Governor of the State of Washington, indicating that Hershey stood:

> [A]ccused in the County of Lane of this State with the crime of Criminal Nonsupport and has violated the terms and conditions of his probation which I certify to be a crime under the laws of this State, and that the accused ~~was present in this State at the time of the commission of said crime and thereafter fled from this State and the Justice thereof.~~ while outside the boundaries of this State committed an act intentionally resulting in said crime in this State, and that he may have taken refuge in the State of Washington. There appears to be no hope of success under the Reciprocal Enforcement of Support Act because efforts of authorities have failed in proceedings under such Act, and further such proceedings apparently would be of no avail. . . .

asking that he be apprehended and delivered to Oregon's authorized agent for return to Oregon.

Instead of alleging that Hershey committed a crime in the State of Oregon and fled therefrom, the Oregon requisition asserts Hershey committed some act outside the borders of Oregon which resulted in a crime in that state.

---

state at the time of the commission of the crime, and has not fled therefrom."

[3]The extradition warrant is based upon an order to show cause, dated July 9, 1979, which states in pertinent part:

"It APPEARING from the motion that there are good and reasonable grounds to believe that Defendant has violated the terms and conditions of probation in the following particulars, to-wit:

"(1) The purposes of probation are not being served for the reason that defendant has failed to abide by the terms and conditions of the Order of Probation in that the Defendant has failed to make every effort to find, obtain, and keep gainful employment, and terminated employment without the written permission of his probation officer; . . ."

Based on the extradition request and other documents supplied by Oregon, the Governor of Washington issued her warrant of arrest and extradition. Hershey was charged with being a fugitive from justice under RCW 10.88.320; he petitioned for a writ of habeas corpus, which was denied April 29, 1980.

Hershey argues the documents provided by Oregon are technically inadequate to support extradition: (1) Due to the striking out and rewriting of the governor's requisition, Oregon attempted to convert a fugitive extradition (RCW 10.88.220) into a nonfugitive extradition (RCW 10.88.250). (2) All the supporting documents allege Hershey's probation violation occurred in Oregon. There is no factual support indicating Hershey did anything "while outside the boundaries of" Oregon which resulted in the crime in that state. He requests he be released from confinement and the Governor's warrant of arrest and extradition be quashed.[4] We agree.

Extradition is permitted between states under U.S. Const. art. 4, § 2, and 18 U.S.C. § 3181. Washington has adopted extradition statutes based upon the Uniform Criminal Extradition Act of 1936. 11 U.L.A. 59 (1974). These statutes impose certain minimum standards upon extradition, including the requirement that documentation be presented stating the subject of the extradition is in fact substantially charged with a crime in the demanding state. *Munsey v. Clough,* 196 U.S. 364, 49 L. Ed. 515, 25 S. Ct. 282 (1905); *State ex rel. Treseder v. Remann,* 165 Wash. 92, 4 P.2d 866, 78 A.L.R. 412 (1931).

■■ This court has held that it is within the residual powers of the State to permit extradition of nonfugitives, pursuant to RCW 10.88.250. In *Vetsch v. Sheriff of Spokane County,* 14 Wn. App. 971, 974–75, 546 P.2d 927 (1976), this court stated:

---

[4]The court has been advised at oral argument Hershey is not presently incarcerated. Nonetheless, he is subject to conditions of release, and a writ of habeas corpus remains a proper remedy.

Extradition is a proceeding for the speedy rendition of criminals by the asylum state, and is not a proceeding to inquire into the merits of the charge. It was designed as a summary executive procedure between governors, not as a technical judicial function. These statutes are to be interpreted with this purpose in mind and should not be narrowly interpreted as to enable persons charged with a crime to find permanent asylum in another state. In keeping with the summary nature of extradition, the scope of judicial review of a governor's warrant has been historically narrow in Washington. Accordingly, we limit our inquiry to the Governor's observance of statutory procedures in ordering the extradition of Mr. Vetsch.

Judicial review of a nonfugitive extradition is limited to a determination of whether the statutory procedures have been observed. These statutory procedures require findings by the asylum state governor that (1) the accused is substantially charged with the commission of a crime in the demanding state; (2) the person in custody in the asylum state is the person charged with the crime; and (3) the extradition documents are authenticated or certified by the demanding state.

(Footnotes omitted.) Since *Vetsch,* the United States Supreme Court has imposed one more limitation upon our review: once the governor of the asylum state has granted extradition, we may consider only the facial validity of the extradition documents. In *Michigan v. Doran,* 439 U.S. 282, 289–90, 58 L. Ed. 2d 521, 99 S. Ct. 530, 535 (1978), the court stated:

A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. . . . Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

. . .

. . . In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power

to review the determination.
(Citations omitted.) Thus, we confine our review to the face of the documents before us. We are unable to go beyond those documents to find grounds for refusing extradition. However, if the documents are flawed, we may not cure the flaws.

Here the documents are fatally flawed. Hershey allegedly committed acts in another state which resulted in a crime in Oregon, while the supporting documentation only asserts Hershey committed crimes within Oregon. There is no factual assertion that Hershey fled from Oregon without authorization, that he failed to pay his support obligation while in Washington, or committed any act in this state that was a crime in Oregon. Thus, Oregon has made a request for extradition consistent with RCW 10.88.250, but the necessary supportive documentation would allow extradition only under RCW 10.88.220. While this is a technical violation, it is a violation nonetheless; Washington statutes and the language of the United States Supreme Court suggest there must be strict compliance with the forms necessary to effect extradition.

We believe this is a correct policy. Extradition allows the arrest, detention and transportation of an individual merely upon allegations that the person is charged with a crime in another state. This is a significant impairment of an individual's freedom. Before we allow such an impairment of freedom, the documentation must support the request.

The extradition may not proceed; the writ of habeas corpus is granted, and Hershey is ordered freed from any conditions upon his release stemming from his arrest under the extradition warrant.

ROE, A.C.J., and GREEN, J., concur.

Reconsideration denied April 12, 1982.