Argued and submitted March 18, affirmed May 22, 1996

# LARRY JOHN NAISBITT,
*Appellant,*

*v.*

# Sheriff John P. RAICHL,
*Respondent.*

## (95-2041; CA A88672)

917 P2d 59

David Brian Williamson argued the cause for appellant. With him on the brief was Williamson & Williamson.

Blair J. Henningsgaard waived appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

■        Plaintiff filed a petition for a writ of habeas corpus seeking to prevent his extradition under the Uniform Criminal Extradition Act (UCEA), ORS 133.743 *et seq*, for alleged parole violations in the state of Utah. The trial court denied the writ. We affirm.

The Governor's warrant authorizing the arrest and extradition of plaintiff was based on a representation by the Governor of Utah that plaintiff was convicted of aggravated robbery and had violated the terms of his parole.[1] The documents accompanying the demand for extradition from Utah include copies of plaintiff's judgment of conviction for aggravated robbery dated December 1975, and a March 1993, order from the Utah Board of Pardons declaring that plaintiff "be paroled from the punishment and sentence heretofore imposed upon him" for the crimes of aggravated robbery, burglary, illegal prescription and aggravated assault. The documents also include a copy of a document, which was signed by plaintiff in 1993, entitled:

"AGREEMENT OF RETURN

"WAIVER OF EXTRADITION

"STATE OF UTAH"

In his habeas corpus petition, plaintiff admitted the aggravated robbery conviction but claimed that he was not currently on parole on that charge. At the hearing, he testified that his parole on that conviction had been terminated. He submitted into evidence a document dated June 3, 1981, titled "Order Terminating Parole and Sentence" for the crime of "Aggravated Robbery, 1st degree felony."

The trial court "reluctantly" denied plaintiff's petition. It noted that the documents showed that plaintiff's con-

---

[1] ORS 133.753 provides, in part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied * * * by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed * * * has broken the terms of bail, probation or parole."

viction for aggravated robbery had a sentence of "five to life * * * when you see that, you know that they're on parole for life." It held that it could not go behind the documents and that, without other evidence, it could not determine the effect of a "termination" of parole in Utah. It also held that it could not determine the meaning of the "AGREEMENT TO RETURN" document that plaintiff had signed in 1993, about which plaintiff testified, "I told them when I signed this piece of paper that it was a mistake."

Plaintiff assigns error to the denial of the writ. He argues that he cannot be extradited for an alleged violation of parole that has been terminated and for which his sentence has been discharged. Although plaintiff did not submit Utah code provisions at the hearing, he does so on appeal. He contends that those provisions show that, under Utah law, the 1981 "termination" ended his parole and that there is no provision for "reanimation of a terminated parole." Consequently, he argues, he is entitled to be discharged under ORS 34.610(3), which provides for discharge of a prisoner if "[t]he original imprisonment was lawful, yet by some act, omission or event which has taken place afterwards, the party has become entitled to be discharged." He also argues that the 1993 order of parole "erroneously" included the aggravated robbery conviction. According to plaintiff,

> "the evidence at the hearing showed that [I] was no longer on parole for the crime alleged in the Governor's warrants, when Utah law is applied as it should have been. Neither courts of Utah, nor the Utah Department of Corrections has jurisdiction over [me] for the crime alleged in the warrants and requisition."

■    Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the language of Article IV, section 2, of the United States Constitution. *Michigan v. Doran*, 439 US 282, 288, 99 S Ct 530, 58 L Ed 2d 521 (1978). The courts of an asylum state are bound by the constitution and, where adopted, by the UCEA, and a governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements have been met. *Id.* Once extradition has been granted, judicial inquiry is limited:

"[A] court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily available." *Id*. at 289.

*See also Thomas v. Keeney*, 307 Or 526, 530 n 4, 771 P2d 249 (1989). The statement in the warrant as to a plaintiff's fugitive status is presumed true and the plaintiff has the burden to overcome that presumption by conclusive evidence. *Id*. at 531.

Even assuming that we agree with plaintiff that the Utah code shows that a termination of parole is the equivalent of completing a sentence, plaintiff did not meet his burden of proving that he is not a fugitive. His testimony that his parole for aggravated robbery had been terminated and the document terminating his parole raise a possible inference that the Utah parole board made an error by including the conviction of aggravated robbery in the parole order. However, the record also includes the extradition documents showing that plaintiff was paroled for sentences on crimes that did include aggravated robbery; that he agreed to extradition to Utah in consideration of being granted parole; and that Utah requested extradition because plaintiff violated that parole.[2] Plaintiff's evidence does not conclusively overcome the presumption of his fugitive status. Accordingly, the trial court did not err in denying plaintiff's petition for a writ of habeas corpus.

Affirmed.

---

[2] ORS 34.670 provides that, if the plaintiff in a habeas corpus proceeding controverts facts in the return or alleges facts to show that the plaintiff is entitled to discharge, "thereupon the court or judge shall proceed in a summary way to hear such evidence as may be produced in support of or against the imprisonment or restraint[.]" ORS 34.695 provides:

"If [a habeas corpus] matter proceeds to an evidentiary hearing, as described in ORS 34.670, the court shall decide the issues raised in the pleadings and may receive proof by affidavits, depositions, oral testimony or other competent evidence."