Argued and submitted September 22, 2000, affirmed February 28, 2001

# WALTER JOSEPH BETSCHART,
## *Appellant,*

*v.*

# Jim SPINDEN,
## Sheriff of Washington County,
## *Respondent.*

# (C990396CV; CA A106750)

20 P3d 202

Steven H. Gorham argued the cause and filed the brief for appellant.

Alycia N. Sykora, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

HASELTON, P. J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

## HASELTON, P. J.

Plaintiff appeals from the trial court's denial of his petition for a writ of habeas corpus to prevent his extradition under the Uniform Criminal Extradition Act (UCEA), ORS 133.743 *et seq.*, for alleged probation violations in the state of Washington. He asserts that he is not a person "who has fled from justice" within the meaning of ORS 133.747[1] because he was located in Oregon at the time of his alleged probation violations. We conclude that the "fled from justice" requirement in ORS 133.747 is satisfied if the documents supporting extradition demonstrate that the person has been charged with and convicted of committing a crime in the requesting state and allege that the person has violated the terms of his or her probation or parole. Consequently, we affirm.

■ The material facts are undisputed. Plaintiff was convicted in Washington of attempt to elude (RCW 46.61.024), second-degree burglary (RCW 9A.52.030), and bail jumping (RCW 9A.76.170), and was sentenced to both confinement and "community supervision."[2] The terms of his community supervision permitted plaintiff to live in either Washington or Oregon, but required that he regularly report to a community corrections officer in Washington. Plaintiff was also required to pay $75 a month to reimburse his court costs.

Plaintiff was first released from jail in August 1995 but failed to comply with the terms of his community supervision, and was jailed for an additional 120 days. He was released for the second time in January 1997 and immediately returned to Oregon. Since his January 1997 release,

---

[1] ORS 133.747 states:

"Subject to the qualifications of ORS 133.743 to 133.857 and the provisions of the Constitution of the United States controlling, and Acts of Congress in pursuance thereof, it is the duty of the Governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state."

[2] "Community supervision" is a "period of time during which a convicted felon is subject to crime-related prohibitions and other sentence conditions." *State v. Julian*, 102 Wash App 296, 304, 9 P3d 851, 856 (2000); *see also* RCW 9.94A.030(8) ("For purposes of the interstate compact for out-of-state supervision of parolees and probationers, RCW 9.95.270, community supervision is the functional equivalent of probation and should be considered the same as probation by other states.").

plaintiff has remained in Oregon and has neither reported to Washington nor made any monthly payments as required by the terms of his community supervision.

In March 1999, the Governor of Oregon issued a warrant authorizing plaintiff's arrest and extradition to Washington. That warrant was based on a request by the Governor of Washington, which stated that plaintiff "stands convicted of the crimes of attempt to elude; burglary in the second degree and bail jumping and * * * thereafter violated the terms of [his] sentence." The documents accompanying the request included an authenticated copy of the "Findings, Conclusion and Judgment and Sentence" adjudicating plaintiff guilty of attempting to elude, second-degree burglary, and bail jumping, and sentencing him to both confinement and community supervision. *See* ORS 133.753 (authenticated copy of judgment of conviction or sentence will support extradition demand).

In April 1999, plaintiff filed a petition for a writ of habeas corpus. In that petition, plaintiff challenged his extradition, arguing that he was not in Washington at the time of the alleged probation violation and thus did not "flee" from the demanding state as required for ORS 133.747 to be applicable.[3] In particular, plaintiff asserted:

> "The documents [supporting the extradition request] allege that while plaintiff was 'personally present' in the State of Washington he committed the offense of violating the terms of his sentence by failing to report to his probation officer and failing to make payments on fines and court costs. The requisition alleges that the offense, or offenses, occurred sometime between Jan. 9, 1997 and Nov. 16, 1998. During that period of time, Plaintiff was legally residing in the State of Oregon and did not travel into the State of Washington."

The trial court denied plaintiff's petition.

---

[3] ORS 133.763 requires that the documents supporting a demand for extradition under ORS 133.747 show that "the accused, when demanded upon a charge of crime, was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from that state[.]" Plaintiff's petition challenged the allegation that he was present in Washington when the "crime" was committed.

On appeal, plaintiff reiterates the same argument he made to the trial court. As discussed below, however, plaintiff's argument is based on an erroneous premise, *viz.*, that the "crime" from which he is fleeing is the probation violation itself, rather than the underlying offense.

■ In *Naisbitt v. Raichl*, 141 Or App 205, 208, 917 P2d 59 (1996), we summarized the basic tenets of extradition law:

> "Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the language of Article IV, section 2, of the United States Constitution. *Michigan v. Doran*, 439 US 282, 288, 99 S Ct 530, 534-35, 58 L Ed 2d 521 (1978). The courts of an asylum state are bound by the constitution and, where adopted, by the UCEA, and a governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. *Id.*"

A person subject to extradition can challenge the extradition in a habeas corpus proceeding, but the scope of that inquiry is limited. In particular, a habeas corpus court reviewing an extradition warrant can examine only whether: (1) the documents supporting extradition are facially flawed; (2) the plaintiff has been charged with a crime in the demanding state; (3) the plaintiff is, in fact, the person named on the request; and (4) the plaintiff is a fugitive. *Doran*, 439 US at 289.

■ Plaintiff argues that he has not "fled from justice" for purpose of the UCEA. *See* ORS 133.763(1). Plaintiff's argument is similar to that of the plaintiff in *Hidalgo v. Purcell*, 6 Or App 513, 488 P2d 858 (1971), *cert den* 405 US 957, 92 S Ct 1188, 31 L Ed 2d 235 (1972). There, the plaintiff, a habeas corpus petitioner, had been convicted of a crime in California and placed on parole. He later violated the terms of that parole by moving to Oregon without permission, and California sought extradition from Oregon. In resisting extradition by way of a habeas corpus petition, the plaintiff asserted that he was not subject to mandatory extradition because, as a parolee, he was not "charged with a crime" in California. *Id.* at 514. We rejected that argument, concluding that a person who has been convicted of a crime in the demanding state and has violated the terms of the person's parole has been

"charged with a crime" and has "fled from justice" for purposes of the UCEA. *Id.* at 514-15; *see also Ex Parte Montoya,* 170 Or 499, 502-03, 135 P2d 281 (1943) (defining "fugitive" for extradition purposes as "person who commits a crime within a state and withdraws himself from such jurisdiction without waiting to abide the consequences of such act"). Thus, consistent with *Hidalgo,* plaintiff here is a fugitive under the UCEA because, having violated his parole, he is avoiding the consequence of his crimes in Washington.

Our holding accords not only with *Hidalgo,* but also with decisions in other jurisdictions that have adopted the UCEA. *See* ORS 133.853 (Oregon's UCEA must be interpreted so as to "make uniform the law of those states which enact the [UCEA]").[4] All of the states that have considered the issue have reached the same conclusion: A person who violates the terms of his or her probation or parole is a fugitive from justice subject to extradition, regardless of where he or she is when the alleged violation occurs.[5]

---

[4] *Cf. State ex rel Leo v. Tutlill,* 170 Or App 79, 87 n 8, 11 P3d 270 (2000) ("Even putting aside the potential difficulties of prospective delegation, there is the surreal prospect of the first state to consider an issue fixing the law of every other state by virtue of 'uniformity.' ").

[5] *See Wynsma v. Leach,* 189 Colo 59, 536 P2d 817, 819-20 (1975) ("[A] parolee is subject to extradition as a fugitive because, as a convict with an unexpired sentence, he remains criminally 'charged.' His extradition is for his original offense. * * * Since [the petitioner] is being extradited for an uncompleted sentence for narcotics possession, his location at the time of the parole violation is also immaterial."). *See also Calhoun v. State,* 726 So 2d 751, 755 (Ala Crim App 1998) ("This State will not inquire into the propriety of Ohio's decision that [the petitioner] is an alleged probation violator."); *Ex Parte Trignani,* 13 NJ Super 306, 80 A2d 371, 373 (1951) ("A paroled convict leaving the state even by consent of the paroling authority becomes, on revocation of such parole, a fugitive from justice[.]"); *Carpenter v. Jamerson,* 69 Ohio St 2d 308, 432 NE2d 177, 180-81 (1982) (petitioners on probation have not yet "satisfied" their criminal convictions; notwithstanding petitioner's testimony that his Georgia probation officer told him he could move to Ohio and could cease making payments as required by his probation, petitioner was fugitive from justice simply by virtue of alleged probation violation); *In re Hval,* 148 Vt 544, 537 A2d 135, 137 (1987) ("[T]he crime referenced under [the UCEA] is not the 'crime' of probation violation, but is rather the original crime on conviction of which the probation was based in the requisitioning state."); *Ex Parte Summers,* 40 Wash 2d 419, 243 P2d 494, 495-96 (1952) (where the extradition papers from Illinois properly alleged that a petitioner had violated his parole in Illinois, he was a fugitive from justice despite his allegation that his earlier release from custody in Illinois was a final discharge: "An alleged parole violator is a fugitive from justice from the state which claims to have granted his parole. One who has been sentenced and paroled is, during the maximum term of his sentence, amenable to the process of the paroling state to enforce the terms of his parole. By absenting himself from that state, he renders himself unavailable for this purpose.").

■ ■   We thus conclude that a person has "fled from justice" for purposes of ORS 133.747 if the supporting documents demonstrate that the person has been charged with and convicted of committing a crime in the demanding state, and allege that the person has violated the terms of his or her probation, parole, or other form of community supervision imposed as a sentence for that conviction. Here, the Governor of Washington's request for extradition included a certified copy of plaintiff's conviction and alleged that plaintiff violated the terms of his probation. That is enough to establish that he is a fugitive, and we will not inquire into the merits of that putative probation violation. *See, e.g., Ex Parte Summers*, 40 Wash 2d 419, 243 P2d 494, 495-96 (1952) ("The state in which he is found cannot inquire into the propriety of the decision by the demanding state that he is a parole violator. That question, like the question of guilt or innocence of an accused, is one for decision in the demanding state.").[6]

We reject, without discussion, plaintiff's remaining arguments.

Affirmed.

---

[6] Plaintiff relies on *State v. Hershey*, 31 Wash App 366, 641 P2d 1201 (1982), to support his argument that he is not a fugitive subject to extradition. That reliance is misplaced. In *Hershey,* the court concluded that the documents supporting extradition were facially flawed, because they failed to allege that the petitioner was a fugitive from justice:

"Here, the documents are fatally flawed. Hershey allegedly committed acts in another state which resulted in a crime in Oregon, while the supporting documentation only asserts Hershey committed crimes within Oregon. There is no factual assertion that Hershey fled from Oregon without authorization[.]" *Id.* at 1204.

Thus, the holding in *Hershey* is inapposite to the issue of whether or not plaintiff is a fugitive from justice for purposes of the UCEA simply by virtue of his alleged probation violations and absence from Washington.